MICHAEL D. TORPEY (STATE BAR NO. 79424)
mtorpey@orrick.com
JAMES N. KRAMER (STATE BAR NO. 154709)
jkramer@orrick.com
RICHARD GALLAGHER (STATE BAR NO. 208714)
rgallagher@orrick.com
M. TODD SCOTT (STATE BAR NO. 226885)
tscott@orrick.com
JAMES THOMPSON (STATE BAR NO. 240979)
jthompson@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:     415-773-5700
Facsimile:     415-773-5759

Counsel of Record for Nominal Defendant NVIDIA Corporation
and Defendants Jen-Hsun Huang, Marvin D. Burkett,
Chris A. Malachowsky, Daniel F. Vivoli, Jeffrey D. Fisher,
Steven Chu, Tench Coxe, James C. Gaither, Harvey C. Jones,
William J. Miller, Mark L. Perry, A. Brooke Seawell, Curtis R. Priem,
Mark L. Stevens, David Shannon and Mary Dotz

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re NVIDIA CORP. DERIVATIVE LITIGATION,<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Master File No. C-06-06110-SBA<br><br>**STIPULATED ORDER GOVERNING THE PRODUCTION, EXCHANGE, AND FILING OF CONFIDENTIAL MATERIAL** |

# STIPULATED ORDER GOVERNING THE PRODUCTION, EXCHANGE, AND FILING OF CONFIDENTIAL MATERIAL

**IT IS HEREBY ORDERED**, pursuant to Civil L.R. 79-5, and good cause having been shown, that the following procedures shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and other written, recorded, graphic, or electronic matter or information produced, filed with or submitted to the Court and/or given or exchanged by and among the parties in the above-captioned action ("Discovery Material"), including any Discovery Material produced by non-parties to this action (the "Litigation").

1. All Discovery Material designated as "Confidential" or "Highly Confidential," or information derived therefrom, shall be used solely for purposes of this Litigation, including any appeal and retrial, and shall not be used for any other purpose, including, without limitation, any business or commercial purpose or any other litigation.

2. In submitting documents to the Court in connection with any submissions or filings, or in responding to a request for discovery in the Litigation, any party may designate as "Confidential" pursuant to this Stipulation and Order any material or testimony and information contained therein that it in good faith reasonably believes to contain non-public, confidential, proprietary or commercially sensitive information that requires the protections provided in this Stipulation and Order ("Confidential Discovery Material"), such that good cause exists for the filing and maintenance of such documents and information under seal.

3. For purposes of this Stipulation and Order, Discovery Material considered to be "Confidential Discovery Material" includes, but is not limited to, all materials containing or constituting:

    (a) non-public financial information and analyses;
    (b) tax data;
    (c) proprietary technical information;
    (d) business information;
    (e) confidential portions, if any, of minutes of meetings;

     (f)    non-public submissions to regulatory and self-regulatory organizations;

     (g)    personal financial information; or

     (h)    other sensitive or proprietary information.

Any party may also apply, pursuant to Civil L.R. 79-5(a), upon short notice and for good cause shown, for an order supplementing the foregoing categories of Confidential Discovery Material or to establish that particular Discovery Material is or is not Confidential Discovery Material.

4.    When Confidential Discovery Material contains trade secrets or business information that the producing party in good faith reasonably believes the disclosure of which would be likely to harm the competitive position of the producing party or would otherwise be injurious to the producing party, the producing party may designate such materials as "Highly Confidential" ("Highly Confidential Discovery Material").

5.    For purposes of this Stipulation and Order, information considered to be "Highly Confidential Discovery Material" includes, but is not limited to, all materials containing:

     (a)    internal documents or information related thereto, including reports, budgets, analyses, bank proposals or presentations;

     (b)    information or analyses related to recent or ongoing business and marketing plans and strategies;

     (c)    customer lists and customer account information;

     (d)    highly confidential portions, if any, of minutes of meetings;

     (e)    information which the producing party owes an obligation to third parties to maintain in confidence; or

     (f)    other highly sensitive or proprietary information or analyses contained in any type of document.

Any party may also apply, pursuant to Civil L.R. 79-5(a), upon short notice and for good cause shown, for an order supplementing the foregoing categories of Highly Confidential Discovery Material or to establish that particular Discovery Material is or is not Highly Confidential Discovery Material.

1   6. The party designating Discovery Material "Confidential" or "Highly Confidential" shall have the burden of proving by a preponderance of the evidence that there is good cause for the Discovery Material to have such protection.

7. The designation of Discovery Material as "Confidential" or "Highly Confidential" Discovery Material for purposes of this Stipulation and Order shall be made in the following manner by any party (or any non-party participating in the Litigation):

    (a) In the case of electronic or paper documents or other materials (apart from depositions or other pre-trial testimony), designation shall be made (i) by affixing the legend "Confidential" or "Highly Confidential" to each page containing any Confidential or Highly Confidential Discovery Material, or (ii) by providing the party seeking disclosure with a list of the production numbers of the documents designated as "Confidential" or "Highly Confidential."

    (b) In the case of depositions or other pre-trial testimony, designation of the portion of the transcript (including exhibits) which contains Confidential or Highly Confidential Discovery Material shall be made (i) by a statement to such effect on the record during the proceeding in which the testimony is received, or (ii) by written notice served on counsel of record in this Litigation within ten (10) business days after the receipt of the official transcript of such proceeding, provided that all testimony, exhibits and transcripts of depositions or other testimony shall be treated as "Highly Confidential" before such ten (10) day period has expired. In both of the foregoing instances, the designating party shall direct the court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential or Highly Confidential Discovery Material. All portions of deposition transcripts not designated "Confidential" or "Highly Confidential" as provided in subparagraph 7(b)(i) or (ii) herein shall be

deemed not confidential. The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.

  (c) The inadvertent failure to designate Discovery Material as "Confidential" or "Highly Confidential" in accordance with paragraphs 7(a) and (b) herein does not constitute a waiver of such claim and may be corrected by supplemental written notice at any time, with the effect that such Discovery Material will be subject to the protections of this Stipulation and Order from the time it is designated "Confidential" or "Highly Confidential." Upon receipt of such a supplemental designation, any receiving party that disclosed the Discovery Material prior to its designation as "Confidential" or "Highly Confidential" shall exercise its best efforts to remedy any disclosures of the Discovery Material that do not conform to the provisions of this Stipulation and Order in light of the redesignation.  Upon such a redesignation, the parties (or non-parties if applicable) shall cooperate in good faith to determine the most practical and efficient manner by which the receiving party will remedy the disclosure. The parties shall exercise best efforts to cooperate to protect later-designated materials that previously have been filed with the Court.

  (d) The receiving party shall exercise best efforts to ensure that copies it makes of Discovery Material produced to it, and copies made by others who obtained such Discovery Material directly or indirectly from the receiving party, include the appropriate confidentiality legend, to the same extent that the Discovery Material has been marked with the appropriate confidentiality legend by the producing party.

 8. Discovery Material designated "Confidential" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part, by a non-producing party, only to the following persons:

(a) Outside or inside counsel who represent parties that have appeared in this Litigation, and regular or temporary employees and service vendors of such counsel (including outside copying and litigation support services) assisting in the conduct of the Litigation for use in accordance with this Stipulation and Order;

(b) Subject to paragraph 10 hereof, experts or consultants assisting counsel for parties that have appeared in the Litigation;

(c) Subject to paragraph 10 hereof, witnesses or deponents, and their counsel, during the course of and, to the extent necessary, in preparation for depositions or testimony in the Litigation;

(d) The Court and its employees pursuant to paragraphs 12 and 13 of this Stipulation and Order;

(e) Court reporters employed in connection with the Litigation;

(f) The parties in this Litigation and the directors, officers, and employees of the parties who are assisting counsel in this Litigation or who appear as witnesses or deponents;

(g) Any person indicated on the face of a document to be the author, addressee, or a copy recipient of the document; and

(h) Any other person only upon order of the Court or upon stipulation of the party that produced the Discovery Material.

9. Discovery Material designated "Highly Confidential" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part, by a non-producing party, only to the following persons:

(a) Outside counsel of record and regular or temporary employees and service vendors of such counsel (including outside copying and litigation support services) assisting in the conduct of the Litigation for use in accordance with this Stipulation and Order;

(b) Subject to paragraph 10 hereof, experts or consultants assisting counsel for

- 5 -

parties that have appeared in the Litigation;

(c) Any person indicated on the face of a document to be the author, addressee, or a copy recipient of the document;

(d) Subject to paragraph 10 hereof, witnesses or deponents and their counsel, during the course of depositions or testimony in the Litigation;

(e) Deposition or trial witnesses who authored, received, or are or were employed by the party that produced the Discovery Material designated "Highly Confidential";

(f) The Court and its employees pursuant to paragraphs 12 and 13 of this Stipulation and Order;

(g) Court reporters employed in connection with the Litigation;

(h) The parties in this Litigation and the directors, officers, and employees of the parties who are assisting counsel in this Litigation or who appear as witnesses or deponents; and

(i) Any other person only upon order of the Court or upon stipulation of the party that produced the Discovery Material designated "Highly Confidential."

10. Confidential or Highly Confidential Discovery Material may be provided to persons listed in paragraphs 8(b) and (c) and 9(b) above to the extent necessary for such individual to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution of this Litigation, provided that such individual (i) is not otherwise currently an employee of, or advising or discussing employment with, or consultant to, any party to or any person known or reasonably believed to be a competitor of any party to the Litigation and (ii) is using said Confidential or Highly Confidential Discovery Material solely in connection with this Litigation; and <u>further provided</u> that such individual signs an undertaking in the form attached as Exhibit A hereto, agreeing in writing to be bound by the terms and conditions of this Stipulation and Order and agreeing not to disclose or use any Confidential or Highly Confidential Discovery Material in a manner or for purposes other than those permitted hereunder, including after the conclusion of

1  this litigation.

2  11. Counsel for the party showing or disclosing Confidential or Highly Confidential
3  Discovery Material to any person required to execute an undertaking pursuant to paragraph 10
4  shall be responsible for obtaining such signed undertaking and retaining the original, executed
5  copy thereof, provided that witnesses to whom Confidential Discovery Material is first disclosed
6  at deposition or trial need not be required to sign a copy of Exhibit A in order to be bound by the
7  terms hereof.

8  12. All documents of any nature filed with the Court, including but not limited to
9  letters and briefs, that disclose information from a document that would otherwise need to be filed
10 under seal or in redacted form pursuant to this Stipulation and Order, shall be lodged under seal
11 or in redacted form in accordance with the provisions of Civil L.R. 79-5.

12 13. Any party seeking to file any document under seal or in redacted form with the
13 Court in accordance with paragraph 12 of this Stipulation and Order shall comply with the
14 provisions of Civil L.R. 79-5 governing lodging with the Court a redacted public version of the
15 Filing. Each document designated as "Confidential" or "Highly Confidential" or which discloses
16 Information from Confidential or Highly Confidential Discovery Material that is authorized to be
17 filed under seal shall be formatted with a footer stating the following:

**THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL.
REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED
EXCEPT BY PRIOR COURT ORDER.**

This footer must appear on every page of the document. Additionally, the first page or cover page of the document must be in the following format:

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| In re NVIDIA CORP. DERIVATIVE LITIGATION | Master File No. C-06-06110-SBA |
|---|---|

**YOU ARE IN POSSESSION OF A DOCUMENT FILED IN THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA THAT IS CONFIDENTIAL AND FILED UNDER SEAL.**

- 7 -

**If you are not authorized by Court order to view or retrieve this document read no further than this page. You should contact the following person:**

> **[filing attorney's name]**
> **[firm name of filing attorney]**
> **[address of filing party]**
> **[telephone number of filing party]**

14. Any party who seeks the continued sealing of any portion of a Filing shall serve and file the application required by Civil L.R. 79-5(f).

15. During the pendency of the Litigation, in accordance with the provisions of Civil L.R. 79-5, any party to the Litigation who objects to the designation of any Discovery Material or testimony as "Confidential" or "Highly Confidential" may, after making a good faith effort to resolve any such objection, file an application with the Court to challenge the designation of such Discovery Material as "Confidential" or "Highly Confidential." While such an application is pending, the Discovery Material or testimony in question shall continue to be treated as "Confidential" or "Highly Confidential." The provisions of this paragraph are not intended to shift the burden of establishing confidentiality as provided in paragraph 6 of this Stipulation and Order.

16. Entering into, agreeing to and/or producing or receiving Confidential or Highly Confidential Discovery Material or otherwise complying with the terms of this Stipulation and Order <u>shall</u> <u>not</u>:

    (a) Operate as an admission by any party that any particular Confidential or Highly Confidential Discovery Material contains or reflects trade secrets or any other type of confidential information;

    (b) Prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential or Highly Confidential Discovery Material;

    (c) Prejudice in any way the rights of any party to object to the production

any document requested on confidentiality, relevancy or any other grounds. Moreover, nothing here shall constitute a waiver of the right to object to the authenticity or admissibility into evidence of any document subject to this Stipulation and Order;

 (d) Prejudice in any way the rights of a party to obtain a determination by the Court whether any Discovery Material or Confidential Discovery Material is, should, or should not continue to be subject to the terms of this Stipulation and Order;

 (e) Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information; or

 (f) Prevent the parties from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

 17. This Stipulation and Order has no effect upon, and shall not apply to, the parties' use of their own Confidential or Highly Confidential Discovery Material for any purpose. Nothing herein shall impose any restrictions on the use or disclosure by a party of documents, materials or the information designated as "Confidential" or "Highly Confidential" obtained lawfully by such party independently of the discovery proceedings in this Litigation.

 18. If documents or other information subject to a claim of attorney-client privilege, attorney work product or any other ground upon which production of such information may be withheld from any party is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or any other ground for withholding production to which the producing party or other producing person would otherwise be entitled. If a claim of inadvertent production is made pursuant to this paragraph with respect to documents or information then in the custody of another party, such party shall promptly return to the claiming party or person that material as to which the claim of inadvertent production has been made (including all copies thereof) and no use shall be made of such documents or other information for any purpose. The party(ies) returning

1  such material may then move the Court for an order compelling production of this material, but

2  the motion shall not assert as a ground for entering such an order the fact or circumstances of the

3  inadvertent production or the substance (as opposed to the type or nature) of the material.

4        19.    In the event additional parties join or are joined in this action, the newly joined

5  party(ies) shall not have access to Confidential or Highly Confidential Discovery Material until

6  its counsel has executed and, at the request of any party, filed with the Court its agreement to be

7  fully bound by this Stipulation and Order.

8        20.    The provisions of this Stipulation and Order shall, absent written permission of the

9  producing party or further order of the Court, continue to be binding throughout and after the

10 conclusion of the Litigation, including without limitation any appeals therefrom, subject to the

11 rules of any appellate court which may override this Stipulation and Order in any or all respects.

12 Within thirty (30) days after receiving notice of the entry of an order, judgment or decree finally

13 disposing of all litigation in which Confidential or Highly Confidential Discovery Material is

14 permitted to be used, including the exhaustion of all possible appeals and other review, each

15 person having received Confidential or Highly Confidential Discovery Material shall either return

16 such material and all copies thereof to counsel for the party that produced such material or

17 destroy all such Confidential or Highly Confidential Discovery Material and provide certification

18 of such destruction to the producing party or non-party. Outside counsel for the parties shall be

19 entitled to retain court papers, trial transcripts and attorney work product (which include within

20 them references to Confidential or Highly Confidential Discovery Material) <u>provided</u> that such

21 outside counsel, and employees of such outside counsel, shall not disclose such court papers or

22 attorney work product to any person except pursuant to court order or agreement with the party

23 that produced the Confidential or Highly Confidential Discovery Material. All Discovery

24 Materials returned to the parties or their counsel by the Court and all Discovery Material in the

25 possession of outside copying and litigation support services likewise shall be disposed of in

26 accordance with this paragraph.

27       21.    In the event that any Confidential or Highly Confidential Discovery Material is

28 used in any court proceeding in this Litigation or any appeal therefrom, said Confidential or

Highly Confidential Discovery Material shall retain its status as Confidential or Highly Confidential Discovery Material through such use except to the extent ordered otherwise by this Court. Counsel shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings. If the parties cannot agree on an approach, the matter shall be presented to the Court for disposition.

22. If any person receiving documents covered by this Stipulation and Order (the "Receiver") is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand seeks Discovery Material which was produced or designated as "Confidential" or "Highly Confidential" by someone other than the Receiver, the Receiver shall (i) give written notice by hand, overnight delivery or facsimile transmission promptly, and in no event later than three business days after receipt of such subpoena or document demand, to those who produced or designated the material "Confidential" or "Highly Confidential" and, except as ordered otherwise by a court of competent jurisdiction, (ii) refrain from producing any Discovery Material that has been designated "Confidential" or "Highly Confidential" in response to such a subpoena or document demand until the earlier of (x) receipt of written notice from the producing party that such party does not object to production of the designated Discovery Material or (y) resolution of any objection asserted by the producing party either by agreement or by order of the court with jurisdiction over the objection of the producing party. The burden of opposing the enforcement of the subpoena shall fall solely upon the party who produced or designated the Confidential or Highly Confidential Discovery Material. Notwithstanding the foregoing, unless the party who produced or designated the Confidential or Highly Confidential Discovery Material submits a timely objection seeking an order that the subpoena not be complied with, and serves such objection upon the Receiver by hand delivery prior to production pursuant to the subpoena, the Receiver shall be permitted to produce documents responsive to the subpoena on the subpoena response date. Compliance by the Receiver with any order directing production pursuant to the subpoena of any Confidential or Highly Confidential Discovery Material shall not constitute a violation of this Stipulation and

1 Order. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this

2 Stipulation and Order to challenge or appeal any order directing production of Confidential or

3 Highly Confidential Discovery Material covered by this Stipulation and Order, or to subject

4 himself or itself to any penalties for non-compliance with any legal process or order, or to seek

5 any relief from this Court.

6      23.    This Stipulation and Order applies to all Discovery Material produced in this

7 Litigation, whether produced before or after the entry of this Stipulation and Order and whether

8 produced by a party or non-party.

9      24.    Each of the parties hereto shall be entitled to seek modification of this Stipulation

10 and Order by application to the Court on notice to the other parties hereto.

*I, Richard Gallagher, am the ECF user whose ID and password are being used to file this Stipulated Order Governing the Production, Exchange, and Filing of Confidential Material. In compliance with General Order 45, X.B., I hereby attest that John K. Grant has concurred in this filing.*

DATED: March 18, 2008               /s/ John K. Grant
                                                    John K. Grant

SHAWN A. WILLIAMS
MONIQUE C. WINKLER
AELISH M. BAIG
JOHN K. GRANT
COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
Facsimile: 415/288-4534

-and-

TRAVIS E. DOWNS III
BENNY C. GOODMAN III
MARY LYNNE CALKINS
COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
Facsimile: 619/231-7423

-and-

|    |    |
|----|----|
| 1  |    |
| 2  | THOMAS G. WILHELM<br>COUGHLIN STOIA GELLER |
| 3  | RUDMAN & ROBBINS LLP<br>9601 Wilshire Blvd., Suite 510 |
| 4  | Los Angeles, CA 90210<br>Telephone: 310/859-3100 |
| 5  | Facsimile: 310/278-2148 |
| 6  | -and- |
| 7  | STEPHEN R. BASSER<br>JOHN L. HAEUSSLER |
| 8  | BARRACK, RODOS & BACINE<br>402 West Broadway, Suite 850 |
| 9  | San Diego, CA 92101<br>Telephone: 619/230-0800 |
| 10 | Facsimile: 619/230-1874 |
| 11 | -and- |
| 12 | DANIEL BACINE<br>JEFFREY W. GOLAN |
| 13 | BARRACK, RODOS & BACINE<br>3300 Two Commerce Square |
| 14 | 2001 Market Street<br>Philadelphia, PA 19103 |
| 15 | Telephone: 215/963-0600<br>Facsimile: 215/963-0838 |
| 16 | *Co-Lead Counsel for Plaintiffs* |

| | | |
|---|---|---|
| 1 | DATED: March 18, 2008 | /s/ Richard Gallagher<br>Richard Gallagher |
| 2 | | |
| 3 | | MICHAEL D. TORPEY (CA BAR NO. 79424)<br>JAMES N. KRAMER (CA BAR NO. 154709)<br>RICHARD GALLAGHER (CA BAR NO. 208714) |
| 4 | | M. TODD SCOTT (CA BAR NO. 226885)<br>JAMES THOMPSON (CA BAR NO. 240979) |
| 5 | | ORRICK, HERRINGTON & SUTCLIFFE LLP<br>The Orrick Building |
| 6 | | 405 Howard Street<br>San Francisco, CA  94105-2669 |
| 7 | | Telephone: 415/773-5700<br>Facsimile: 415/773-5759 |
| 8 | | *Counsel of Record for Nominal Defendant NVIDIA Corporation and Defendants Jen-Hsun Huang, Marvin D. Burkett, Chris A. Malachowsky, Daniel F. Vivoli, Jeffrey D. Fisher, Steven Chu, Tench Coxe, James C. Gaither, Harvey C. Jones, William J. Miller, Mark L. Perry, A. Brooke Seawell, Curtis R. Priem, Mark L. Stevens, David Shannon and Mary Dotz* |

*I, Richard Gallagher, am the ECF user whose ID and password are being used to file this Stipulated Order Governing the Production, Exchange, and Filing of Confidential Material. In compliance with General Order 45, X.B., I hereby attest that Stephanie M. Byerly has concurred in this filing.*

| | | |
|---|---|---|
| 16 | DATED: March 18, 2008 | /s/ Stephanie M. Byerly<br>Stephanie M. Byerly |
| 18 | | LEIGH A. KIRMSSE<br>STEPHANIE M. BYERLY |
| 19 | | HOWREY LLP<br>525 Market Street, Suite 3600 |
| 20 | | San Francisco, CA 94105-2708<br>Telephone: 415/848-4966 |
| 21 | | Facsimile : 415/848-4999 |
| 22 | | *Attorneys for Defendant Christine B. Hoberg* |
| 24 | DATED: March [19], 2008 | SO ORDERED this 19th day of March, 2008. |
| 26 | | _____<br>THE HONORABLE Joseph C. Spero |

- 14 -

STIPULATED ORDER GOVERNING THE PRODUCTION,
EXCHANGE, AND FILING OF CONFIDENTIAL
MATERIAL - C-06-06110-SBA