**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

IN RE NVIDIA CORP.
DERIVATIVE LITIGATION

This document relates to:

ALL ACTIONS.

No. C 06-06110 SBA

**ORDER**

[Docket No. 125]

**REQUEST BEFORE THE COURT**

Before the Court is plaintiffs' Motion to Seal Portions of the Second Amended Complaint (the "Motion") [Docket No. 125] and Declaration of Richard Gallagher in Support of the Motion (the "Gallagher Decl.") [Docket No. 128]. Plaintiffs have requested the Court to seal portions of the Second Amended Complaint (the "SAC"), under the "good cause" standard. For the reasons discussed below, the Court find the applicable standard for sealing all or part of a complaint is the "compelling reason" standard, and as plaintiffs did not address this standard, the Court DENIES their Motion without prejudice.

**BACKGROUND**

This is a derivative lawsuit that plaintiffs – putative shareholders of NVIDIA – have brought on behalf of NVIDIA to protect NVIDIA's interests. Gallagher Decl. ¶ 2. NVIDIA is not named as a defendant and is the real party in interest. *Id.* The case involves allegations that certain present and former officers and directors of NVIDIA should be held responsible for certain misdated stock options and resulting harm to NVIDIA. *Id.* This matter was filed on September 29, 2006. *See* Docket No. 1. It was later consolidated with five other cases. *See* Docket Nos. 54-55, 65-66. Two related suits are pending in Santa Clara County and in Delaware state court. Gallagher Decl. ¶ 3.

On February 28, 2007, plaintiffs filed a Consolidated Verified Shareholders Derivative Complaint. *See* Docket No. 62. On May 15, 2007, defendants filed motions to dismiss. *See* Docket Nos. 68, 72, 74, 76. On July 2, 2007, plaintiffs filed a motion to obtain limited discovery for use

allegedly in opposing the motions to dismiss. *See* Docket No. 85. The discovery matter was referred to Magistrate Judge Spero. *See* Docket No. 92 and entry dated 07/10/2007. On March 11, 2008, the parties resolved this discovery issue, and agreed plaintiffs could file an amended complaint. *See* Docket No. 122. As such, the pending motions to dismiss were vacated. *See* Docket No. 123.

On March 18, 2008, plaintiffs filed the Motion. *See* Docket No. 128. In the Gallagher Declaration,[1] plaintiffs acknowledge, "courts have determined that there is a presumptive right of access to public records, including judicial records and documents," citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597, 598 n.7 (1978). Gallagher Decl. ¶ 13. They further argue, "[a] party seeking to seal a document must demonstrate "compelling reasons" that overcome the presumptive right of access," citing *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Gallagher Decl. ¶ 13. But, they argue, "[c]ourts apply a reduced 'good cause' standard, which mirrors that of Rule 26(c), when the document to be sealed is attached to a non-dispositive motion," citing to *Kamakana*, 447 F.3d at 1180 and *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). Gallagher Decl. ¶ 14. Plaintiffs then allege a complaint is not a dispositive motion, citing to *Dombrowski v. Bell Atlantic Corp.*, 128 F. Supp. 2d 216, 217 (E.D. Pa. 2000) and *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). *Id.* ¶ 14 n.2. Thus, they conclude for the Court to seal parts of the SAC, they need only make a showing of "good cause," as "the 'compelling reasons' standard is inapplicable here."[2] *Id.* ¶¶ 13-14.

///

///

---

[1] The Court notes plaintiffs placed their entire argument in the Gallagher Declaration. Plaintiffs should familiarize themselves with Civil Local Rule 7-4(a)(5), governing the content of points and authorities, and with Local Rule 7-5, governing the content of declarations. They should also take note of Local Rule 7-11, and the page limits for administrative motions.

[2] In contrast, plaintiffs later conclude, "[e]ach of the foregoing factors, whether considered independently or collectively, satisfy both the heightened 'compelling reasons' standard and the lesser 'good cause' standard..." Gallagher Decl. ¶ 20. It is unclear whether plaintiffs meant this as a passing naked assertion or a substantive conclusion. Plaintiffs have the burden of clearly stating their request to the Court. This is a serious request, and the Court will not issue a binding ruling based on the mere assumption that plaintiffs intended to present an argument under the "compelling reasons" standard, when they clearly stated it was inapplicable here.

1  ///

## LEGAL STANDARD

As the Ninth Circuit held in *Kamakana v. City and County of Honolulu*:

> Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). This right is justified by the interest of citizens in "keep[ing] a watchful eye on the workings of public agencies." *Id.* at 598, 98 S.Ct. 1306. Such vigilance is aided by the efforts of newspapers to "publish information concerning the operation of government." *Id.*

*Kamakana*, 447 F.3d at 1178.

> Nonetheless, access to judicial records is not absolute. A narrow range of documents is not subject to the right of public access at all because the records have "traditionally been kept secret for important policy reasons." *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir.1989). Our case law has identified two categories of documents that fall in this category: grand jury transcripts and warrant materials in the midst of a pre-indictment investigation. *Id.*

*Kamakana*, 447 F.3d at 1178.

As the Ninth Circuit continued in *Kamakana*, "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Id.* at 1178 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana*, 447 F.3d at 1178.

"[T]he strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments." *Id.* at 1179. The Ninth Circuit "adopted this principle of disclosure because the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events." *Id.* at 1179 (internal quotation marks omitted).

///

"The "compelling reasons" standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order. *Id.* (internal quotations marks omitted).

The Ninth Circuit, however, has " 'carved out an exception to the presumption of access' to judicial records for a '*sealed discovery document* [attached] to a *non-dispositive* motion,' such that 'the usual presumption of the public's right of access is rebutted.' " *Id.* (internal citations omitted) (emphasis in original). "There are 'good reasons to distinguish between dispositive and non-dispositive motions.' " *Id.* at 1179 (quoting *Foltz*, 331 F.3d at 1135). "Specifically, the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often ' "unrelated, or only tangentially related, to the underlying cause of action." ' " *Kamakana*, 447 F.3d at 1179 (quoting *Foltz*, 331 F.3d at 1135 (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984))).

"The public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Kamakana*, 447 F.3d at 1179 (citing *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)).

> [W]hen a district court grants a protective order to seal documents during discovery, "it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." [*Phillips*, 307 F.3d at 1213.] The application of a strong presumption of access to sealed records, not directly relevant to the merits of the case, would eviscerate the "broad power of the district court to fashion protective orders." *Id.* Thus a "particularized showing," *Foltz*, 331 F.3d at 1138, under the "good cause" standard of Rule 26(c) will "suffice[ ] to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions." *Id.* at 1135.

*Kamakana*, 447 F.3d at 1179-80.

"A 'good cause' showing will not, without more, satisfy a 'compelling reasons' test. *Id.* at 1180.

Different interests are at stake with the right of access than with Rule 26(c); with the

former, the private interests of the litigants are not the only weights on the scale.
Unlike private materials unearthed during discovery, judicial records are public
documents almost by definition, and the public is entitled to access by default.

*Id.*

### ANALYSIS

Under the Ninth Circuit's jurisprudence in *Kamakana*, a request to seal all or part of a complaint must clearly meet the "compelling reasons" standard and not the "good cause" standard. While a complaint is not, per se, the actual pleading by which a suit may be disposed of, it is the root, the foundation, the basis by which a suit arises and must be disposed of.  Further, along with a summons, it is the means by which a plaintiff invokes the authority of the court, a public body, to dispose of his or her dispute with a defendant.  Thus, this Court cannot conclude a complaint is "unrelated, or only tangentially related, to the underlying cause of action." It *provides* the causes of action.  Likewise, this Court cannot conclude sealing parts of a complaint is analogous to sealing records "not directly relevant to the merits of the case."  It *establishes* the merits of a case, or the lack thereof.  As the Ninth Circuit held in *Kamakana*, "the resolution of a dispute on the merits ... is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events."  Likewise, when a plaintiff invokes the Court's authority by filing a complaint, the public has a right to know who is invoking it, and towards what purpose, and in what manner.  Thus, the Court concludes a request to seal all or part of a complaint must meet the "compelling reasons" standard and not the "good cause" standard.

Plaintiffs' argument that *Dombrowski v. Bell Atlantic Corp.*, 128 F.Supp.2d 216, 217 (E.D. Pa. 2000) and *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) hold otherwise, is unavailing.  In *Dombrowski*, the court applied the "good cause" standard to sealing part of a complaint, basing its actions on *Pansy. Dombrowski*, 128 F.Supp.2d at 217-18.  The *Dombrowski* court, however, never stopped to consider whether it should apply a "compelling reasons" standard or a "good cause" standard to the request before it.  The court merely noted:

> As a general rule judicial records such as pleadings and other papers filed
> with the court in civil actions are public documents available for inspection and

review by any interested person.  The court may seal such documents only under narrow circumstances where "[g]ood cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure."  *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir.1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir.1984)).

*Dombrowski*, 128 F.Supp.2d at 217.

In turn, this Court notes *Pansy* addressed an issue of first impression in the Third Circuit, "the ability of [media] intervenors to challenge orders of confidentiality pertaining to settlement agreements."  *Pansy*, 23 F.3d at 775.  In discussing the issues before it, the Third Circuit noted the agreement at issue had never been filed with the district court.  *Id.* at 781.  As a result, it was not part of the "judicial record," and not subject to the "right of access doctrine."  *Id.*  The media intervenors argued it was a "judicial record" because the district court entered an order making it confidential.  *Id.* at 782.  The Third Circuit held:

> This argument fails.  Simply because a court has entered a confidentiality order over documents does not automatically convert those documents into "judicial records" accessible under the right of access doctrine.  For example, when a court enters an order of protection over documents *exchanged during discovery, and these documents have not been filed with the court*, such documents are not, by reason of the protective order alone, deemed judicial records to which the right of access attaches.

*Id.* (emphasis added).

The Third Circuit then addressed a separate media question, "whether the district court should have ... modified or vacated the Order the Confidentiality which it ordered over the Settlement Agreement."  *Id.* at 785.  The court held for answering this question, the applicable standard would be the "good cause" standard, because the records at issue, like discovery materials, were never filed with the court, and because the order of confidentiality was similar in effect to a protective order sealing discovery materials.  *Id.* at 785-86.

In this case, the Court finds the Third Circuit's reasoning in *Pansy* clearly supports applying

the "compelling reasons" standard to a request to seal all or part of a complaint.  As the court noted in *Pansy*, the "good cause" standard is appropriate for documents *not* filed with the Court, such as discovery materials,[3] but the same cannot be said for documents filed with the Court.  This is especially true for complaints, which as in this case, are generally used as the grounds for motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  In other words, every complaint is potentially an exhibit or attachment to a dispositive motion to dismiss.  This is yet another reason to apply the "compelling reasons" standard to a request to seal all or part of a complaint.

**CONCLUSION**

Accordingly, the Court DENIES without prejudice plaintiffs' Motion to Seal Portions of the Second Amended Complaint [Docket No. 125].

IT IS SO ORDERED.

April 22, 2008

_Saundra B Armstrong_
Saundra Brown Armstrong
United States District Judge

---

[3] If plaintiffs decide the allegedly confidential information at issue in the SAC should not be placed in the SAC, but instead analyzed for sealing purposes as discovery material, then they should place the issue of whether it qualifies for sealing or not, under the "good cause" standard, before Magistrate Judge Spero.