UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re NVIDIA CORP. DERIVATIVE LITIGATION | Master File No. C-06-06110-SBA (JCS) |
| | STIPULATION AND AGREEMENT OF SETTLEMENT OF DERIVATIVE LITIGATION |
| This Document Relates To: | |
| ALL ACTIONS. | |

## STIPULATION AND AGREEMENT OF
## SETTLEMENT OF DERIVATIVE LITIGATION

This Stipulation and Agreement of Settlement of Derivative Litigation, dated November 5, 2008 (the "Settlement Agreement"), is submitted pursuant to Federal Rule of Civil Procedure 23.1. Subject to approval of the Court, this Settlement Agreement is entered into on behalf of and among (1) plaintiffs in the above-captioned action, (2) plaintiffs in the Santa Clara Action Michael Somark, and Michael Gerber (3) individual defendants Jen-Hsun Huang, Tench Coxe, James C. Gaither, Harvey C. Jones, Jr., William J. Miller, Mark L. Perry, A. Brooke Seawell, Curtis R. Priem, Mark L. Stevens, Mary Dotz, Marvin D. Burkett, Chris A. Malachowsky, David M. Shannon, Daniel F. Vivoli, Jeffrey D. Fisher, Steven Chu, Di Ma, and Christine B. Hoberg; (4) nominal defendant, NVIDIA Corporation, including its predecessors, successors, subsidiaries, affiliates, divisions, and assigns ("NVIDIA" or the "Company"), and (5) the Special Litigation Committee formed by the NVIDIA Board of Directors, by and through their respective counsel. Unless otherwise defined herein, capitalized terms used in this Settlement Agreement shall have the meanings as set forth below under "Definitions."

- 1 -

Many of the above-referenced defendants are entering into a separate stipulation of settlement memorializing the terms of their agreement to settle and resolve all causes of action in the shareholder derivative action entitled *The Police and Fire Retirement System for the City of Detroit and Irving Fleischman v. Huang et al.*, Delaware Court of Chancery, Case No. 2497-CC (the "Delaware Action"). Plaintiffs in the Delaware Action will submit the Delaware Settlement Agreement to Chancellor Chandler in the Delaware Chancery Court for approval. Plaintiffs in the Federal Action and the Santa Clara Action will submit the California Settlement Agreement to the Honorable Judge Armstrong in the Northern District of California for approval. After the Federal Court enters a Judgment approving the California Settlement Agreement and dismissing the Federal Action with prejudice, counsel in the Santa Clara Action will execute and cause to be filed in the Santa Clara Action a dismissal with prejudice. The intent of the two settlement agreements, this Settlement Agreement and the Delaware Settlement Agreement, is to resolve on a global basis any and all claims regarding NVIDIA's historical stock option granting practices.

## I.    DEFINITIONS

1.    As used herein, the following terms have the meanings specified below:

(a)    "Actions" means collectively the Delaware Action, the Federal Action, and the Santa Clara Action each as defined herein.

(b)    "Board" means the Board of Directors of NVIDIA.

(c)    "California Actions" means the Santa Clara Action and the Federal Action, collectively.

(d)    "California Plaintiffs" means the Santa Clara Plaintiffs and Federal Plaintiffs, collectively.

(e)    "California Settlement" or "Settlement" means the settlement contemplated by this Settlement Agreement.

- 2 -

(f)     "Corporate Governance Policies and Changes" means the corporate governance policies and changes set forth in the Corporate Governance Term Sheet attached hereto as Exhibit A and the agreement to maintain both the new and the several existing corporate governance policies set forth in Exhibit A for a minimum of three years from the Effective Date or the end of NVIDIA's fiscal year 2012, whichever is later.

(g)     "Court" means the means the United States District Court for the Northern District of California.

(h)     "Delaware Action" means the action pending in the Delaware Chancery Court entitled *The Police and Fire Retirement System for the City of Detroit and Irving Fleischman v. Huang et al.*, Delaware Court of Chancery, Case No. 2497-CC.

(i)     "Delaware Settlement Agreement" means the settlement agreement or stipulation reached in the Delaware Action which will be presented to the Delaware Court for approval.

(j)     "Defendants" means the Individual Settling Defendants and the Nominal Defendant NVIDIA, collectively.

(k)     "Delaware Court" means the Delaware Court of Chancery.

(l)     "Delaware Plaintiffs' Counsel" means Bernstein Litowitz Berger & Grossmann LLP, 1285 Avenue of the Americas, New York, NY 10019; Murray, Frank & Sailer LLP, 275 Madison Avenue, 8th Floor, New York, NY 10016, and Rigrodsky & Long P.A., 919 North Market Street, Suite 980, Wilmington, DE 19801.

(m)     "Delaware Settlement" means the settlement contemplated by the Delaware Settlement Agreement.

- 3 -

(n)     "Effective Date" means the date upon which the Settlement contemplated by this Settlement Agreement shall become effective, as set forth in ¶11 below.

(o)     "Federal Action" means the above-captioned action.

(p)     "Federal Plaintiffs" means LIUNA Staff & Affiliates Pension Fund, Alaska Electrical Pension Fund, Edward J. Goodman Life Income Trust, Hyun Ja Park, Phillip McCarthy, and Robert Markewich.

(q)     "Federal Plaintiffs' Counsel" means Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, CA 9210; and Barrack, Rodos & Bacine, 402 West Broadway, Suite 850, San Diego, CA 92101.

(r)     "Final" means: (i) the date of final affirmance on an appeal of the Judgment; (ii) the date of final dismissal of any appeal from the Judgment; or (iii) if no appeal is filed, the expiration date of the time for filing or noticing any appeal from the Judgment.  Any proceeding, order, or any appeal pertaining solely to an application for attorneys' fees, costs, or expenses, shall not in any way delay or preclude a Judgment from becoming Final.

(s)     "Individual Settling Defendants" means Jen-Hsun Huang, Tench Coxe, James C. Gaither, Harvey C. Jones, Jr., William J. Miller, Mark L. Perry, A. Brooke Seawell, Curtis R. Priem, Mark L. Stevens, Mary Dotz, Marvin D. Burkett, Chris A. Malachowsky, David M. Shannon, Daniel F. Vivoli, Jeffrey D. Fisher, Steven Chu, Di Ma, and Christine B. Hoberg.

(t)     "Individual Settling Defendants' Counsel" means (i) for Mary Dotz, Daniel F. Vivoli, Jeffrey D. Fisher, and Chris A. Malachowsky:  Fenwick & West LLP, 555 California Street, 12th Floor, San Francisco, CA 94104; (ii) for Jen-Hsun Huang:  Cooley Godward & Kronish LLP, Five Palo Alto Square, 3000 El Camino Real, Palo Alto CA 94306; (iii) for A. Brooke Seawell, Mark L. Stevens, and William J. Miller:  Keker & Van Nest LLP,

- 4 -

710 Sansome Street, San Francisco, CA 94111; (iv) for Tench Coxe, James C. Gaither, and Harvey C. Jones, Jr.: Hogan & Hartson LLP, 525 University Avenue, 2nd Floor, Palo Alto, CA 94301; (v) for Di Ma: Akin Gump LLP, 580 California Street, San Francisco, CA 94104; (vi) for Curtis R. Priem, Marvin D. Burkett, and David M. Shannon: Orrick, Herrington & Sutcliffe LLP, 405 Howard Street, San Francisco, CA 94105, (vii) for Christine B. Hoberg: Howrey LLP, 525 Market Street, San Francisco, CA 94105, and (viii) for Steven Chu and Mark L. Perry: Morrison & Foerster LLP, 755 Page Mill Road, Palo Alto, CA 94304.

(u)     "Judgment" means the Order and Judgment of this Court granting final approval to this Settlement Agreement or the Order and Judgment of the Delaware Court granting final approval to the Delaware Settlement Agreement.

(t)     "Notice" means the Notice of Pendency and Settlement of Shareholder Derivative Actions, substantially in the form attached hereto as Exhibit C.

(u)     "Notice Administrator" means the entity that NVIDIA designates to provide Notice to shareholders.

(v)     "NVIDIA's Counsel" means Orrick, Herrington & Sutcliffe LLP, 405 Howard Street, San Francisco, CA 94105.

(w)     "NVIDIA SLC's Counsel" means Morrison & Foerster LLP, 755 Page Mill Road, Palo Alto, CA 94304.

(x)     "Parties" means the Individual Settling Defendants, the NVIDIA SLC, NVIDIA, and the Federal and Santa Clara Plaintiffs, collectively.

(y)     "Plaintiffs" means the Federal Plaintiffs, the Santa Clara Plaintiffs, and the named plaintiffs in the Delaware Action, collectively.

OHS West:260529080.1

(z)     "Preliminary Order" means the order preliminarily approving the Settlement Agreement and the form of Notice.

(aa)    "Related Persons" means: (1) members of the immediate family of each of the Individual Settling Defendants; (2) each of the Individual Settling Defendants' heirs, executors, estates, or administrators, any entity in which an Individual Settling Defendant and/or any member(s) of his or her immediate family has or had a controlling interest, or any trust of which any individual settling Defendant is or was the settlor or which is or was for the benefit of any individual settling Defendant and/or member(s) of his or her immediate family; (3) each of the Individual Settling Defendants' present and former attorneys, legal representatives, and assigns in connection with the Actions; and (4) all past and present directors, officers, agents, advisors, accountants, auditors, employees, affiliates, predecessors, successors, parents, subsidiaries, divisions, assigns, and attorneys for NVIDIA and their counsel.

(bb)    "Released Claims" means all claims, debts, demands, rights, liabilities and causes of action, known or unknown, suspected or unsuspected, asserted or that could have been asserted by NVIDIA, or by any of the Plaintiffs individually or on behalf of NVIDIA, against each and every Defendant in the Actions, against any Related Persons, or against NVIDIA, whether based on any federal, state, common, or any other type of law, rule and/or regulation, including any claims under the Securities Exchange Act of 1934, that arises out of, is in connection with, relates to, or is based upon NVIDIA's historical stock option granting practices, whether in whole or in part, directly or indirectly, in any way, including but not limited to, the facts, transactions, events, occurrences, acts, disclosures, oral or written statements, representations, filings, publications, disseminations, accounting or compensation practices or procedures, granting or exercise of stock options, or omissions through and including the date of

- 6 -

execution of this Settlement Agreement. Notwithstanding the foregoing, Released Claims does not include claims regarding NVIDIA's statutory or contractual obligations to provide indemnification or advancements, or claims for recovery under any applicable insurance policy.

(cc)   "Santa Clara Action" means the action pending in Santa Clara Superior Court entitled *In re NVIDIA Corporation Derivative Litigation*, Case No. 1:06-CV-073475, to which, along with the Federal Action, this Settlement Agreement applies.

(dd)   "Santa Clara Plaintiffs" means Michael Somark and Michael Gerber.

(ee)   "Santa Clara Plaintiffs' Counsel" means Robbins Umeda & Fink, LLP, 601 West Ash Street, Suite 1800, San Diego, CA 92101; and The Shuman Law Firm, 801 East 17th Avenue, Denver, Co 80218.

(ff)   "Settlement Hearing" means the settlement hearing before the Court to consider the adequacy, fairness, and reasonableness of this Settlement Agreement, and whether the agreement for payment of attorneys' fees and expenses should be approved.

(gg)   "Special Litigation Committee" or "NVIDIA SLC" means the Special Litigation Committee appointed by the Board in August 2007 to conduct an independent investigation of the claims asserted in the Actions, and which was granted sole and exclusive authority regarding the disposition of such claims.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

In June 2006, the Audit Committee of NVIDIA's Board of Directors commenced a review of the Company's practices and policies relating to the granting of stock options. Subsequently, on August 10, 2006, NVIDIA announced that it was conducting a "voluntary review" of its stock option practices "covering the time from the Company's initial public offering in 1999 through the current fiscal year," that the review was being conducted by the Audit Committee of the Board of Directors with the assistance of the Company's outside legal

- 7 -

counsel, and that the preliminary conclusion was that "incorrect measurement dates were used for financial accounting purposes for stock option grants in certain prior periods," and that "[a]s a result, NVIDIA may record additional non-cash stock-based compensation expense related to stock option grants."

NVIDIA also disclosed in the August 10, 2006 announcement that it had contacted the Securities and Exchange Commission ("SEC") regarding the Audit Committee's review. Subsequently, the SEC initiated an informal inquiry. On October 30, 2007, the Company issued a press release stating that the SEC had notified the Company that the investigation concerning NVIDIA's historical stock option granting practices had been terminated and that no enforcement action was recommended.

On September 29, 2006, plaintiff Edward J. Goodman Life Income Trust filed a derivative action in the United States District Court for the Northern District of California alleging claims on behalf of NVIDIA against certain of its current and former officers and directors arising from or relating to the granting of stock options at the Company from 1999 through 2006. Five subsequent derivative actions were filed in the Federal Court, and on January 25, 2007, those actions were consolidated.

On October 20, 2006, two derivative actions were filed in Santa Clara Superior Court also alleging claims on behalf of NVIDIA against certain of its current and former officers and directors arising from or relating to the granting of stock options at the Company from 1999 through 2006. On March 1, 2007 those cases were consolidated.

In September 2007, Defendants produced the Report of the Audit Committee of the NVIDIA Board of Directors ("Audit Committee Report") to the California Plaintiffs. The Audit Committee Report found no intentional wrongdoing by any NVIDIA officer or director, and that

- 8 -

there were no concerns regarding the integrity of current management.  The Audit Committee also concluded that a number of options granted during the period reviewed required measurement date corrections pursuant to the applicable accounting rules, and that the Company would be required to record additional non-cash, stock-based compensation expense arising from measurement date corrections.

Subsequent to the filing of the Actions, the NVIDIA Board appointed a Special Litigation Committee to conduct an independent investigation of the claims asserted in the Actions and which was provided sole and exclusive authority regarding disposition of the claims asserted in the Actions.

In June 2007, the parties to the Actions commenced settlement discussions, which continued over the course of several months.  Subsequent to receipt in September 2007 of the Audit Committee Report by California Plaintiffs' Counsel and their review and analysis of the report, on November 30, 2007, December 21, 2007, January 19, 2008, and May 22, 2008, the parties to the Actions conducted mediation sessions before the Honorable Edward Infante (Ret.) in which counsel for the California Plaintiffs, plaintiffs in the Delaware Action, the Individual Settling Defendants, NVIDIA's SLC, NVIDIA's D&O insurer, and NVIDIA participated. During the course of the settlement discussions, counsel for NVIDIA provided Plaintiffs' Counsel with information regarding the Audit Committee's investigation and the Audit Committee's findings and conclusions pursuant thereto and also provided to Plaintiffs' Counsel various documents relevant to the parties' disputes for review.

On September 19, 2008, the Parties to this Settlement Agreement entered into a Memorandum of Understanding setting forth the material terms of the agreement-in-principle

OHS West:260529080.1

that they reached to settle and resolve the claims raised or which could have been raised in the California Actions.

California Plaintiffs' Counsel have assessed: (a) the independence and disinterestedness of the NVIDIA SLC, (b) the thoroughness of the work of the NVIDIA SLC, and (c) the merits of claims arising from or relating to allegations in the California Actions. This work included a review of public and nonpublic documents concerning NVIDIA's options granting practices, including the stock option grants alleged in the California Actions to have been misdated.

Based on their investigations, the NVIDIA SLC and California Plaintiffs believe that the settlement of the California Actions provided for herein, including the significant Corporate Governance Policies and Changes and cash payments, among other things, provides substantial benefits to NVIDIA, is reasonable and fair, and is in the best interest of the Company. In agreeing to this Settlement, the NVIDIA SLC and California Plaintiffs have considered: (a) the facts developed through their investigations and evaluation of the relevant law, (b) the attendant risks and uncertainty of litigation, as well as the burdens and delay inherent in such litigation, (c) the Individual Settling Defendants' defenses, (d) the substantial cost to the Company of continuing litigation arising from or relating to allegations in the California Actions, (e) the substantial benefits to NVIDIA, and (f) the conclusion of the NVIDIA SLC and California Plaintiffs that, under the circumstances the terms and conditions of this Settlement as set forth below are fair, reasonable, adequate, and in the best interests of the Company.

The Individual Settling Defendants have denied, and continue to deny, having committed, aided or attempted to commit any violations of law, regulation, or duty, or otherwise acted improperly. The Individual Settling Defendants have agreed to the Settlement Agreement to eliminate the expenses, burdens, and risks associated with further litigation of the California

- 10 -

Actions.   In addition, Defendant Huang, as Chief Executive Officer of NVIDIA, concludes that it is in the best interest of NVIDIA and the shareholders for this litigation to be put behind the Company, and therefore, agreed to the terms and conditions as set forth herein.   Further, Defendant Huang believes that the California Settlement confers a substantial benefit on the Company.   The NVIDIA SLC has agreed to this Settlement because it would eliminate the expenses and burdens of litigation and confer significant benefits upon NVIDIA such that it is in the Company's best interest.

In light of these considerations, the NVIDIA SLC, and the Company at the direction of the NVIDIA SLC, the California Plaintiffs, and the Individual Settling Defendants, through their respective counsel, engaged in arm's-length negotiations and have agreed to the California Settlement, the terms of which are entirely set forth in this Settlement Agreement.

NOW, THEREFORE, it is hereby stipulated and agreed, by and among the Parties to this Settlement Agreement, through their respective attorneys, subject to approval of the Court, that all Released Claims, shall be compromised, settled, released, and dismissed with prejudice, upon and subject to the terms and conditions of this Settlement Agreement, as follows:

## III.    SETTLEMENT TERMS

1.    The consideration set forth below constitutes consideration for the global settlement of the Federal Action, the Santa Clara Action, and the Delaware Action (the "Global Settlement"), and is in exchange for the releases and discharges provided therein.   Pursuant to the Global Settlement, NVIDIA will receive:

(a)    a cash payment of $8,000,000 from NVIDIA's D&O insurance carrier within ten (10) days of the Effective Date;

(b)    $3,500,000 in value from defendant Huang's future re-pricing and/or cancellation of unexercised options;

- 11 -

(c)     $456,000 in value from defendant Huang's completed voluntary re-pricing of mispriced stock options; and

(d)     $3,860,000 in value from the 409A tender offer which was undertaken in response to, among other things, the filing of the Actions, whereby NVIDIA employees were given the ability to limit the exercise period for their outstanding mispriced options to one year.

Should Defendant Huang choose to cancel options to comply with subparagraph (b) above, the value of this future cancellation will be measured as of the first date on which either this Settlement Agreement or the Delaware Settlement Agreement is finally approved by the respective court. The value of the cancelled options would be the intrinsic value of the options on the measurement date. Should Defendant Huang choose to re-price options, the value of the re-pricing would be the aggregate increase in exercise price. Defendant Huang's cancellation and/or re-pricing of options shall occur no later than thirty (30) days after the Effective Date.

2.     NVIDIA and the NVIDIA SLC agree that the aggregate value to the Company from the consideration to the Company set forth in paragraph 1(a)-(d) is $15,816,000. Further, NVIDIA, the NVIDIA SLC and the Individual Settling Defendants acknowledge that the Actions were a material factor in the decisions of the Individual Settling Defendants, NVIDIA, and the insurance carrier to undertake the cash payment, cancellations, re-pricing and tender offer of the stock options described in paragraph 1(a)-(d). Additionally, NVIDIA and the NVIDIA SLC further acknowledge that these contributions confer a substantial benefit upon NVIDIA as part of the settlement of the Actions.

3.     As additional consideration for the releases and discharges provided for herein, within thirty (30) days of the Effective Date, the Board shall adopt resolutions and/or

- 12 -

amend committee charters or the Corporate Governance Policies of the Board as necessary to ensure adherence to the Corporate Governance Policies and Changes set forth in Exhibit A hereto on the terms and conditions set forth therein. NVIDIA, the NVIDIA SLC, and the Individual Settling Defendants acknowledge that the Actions were a material factor in the adoption and/or implementation of the new Corporate Governance Policies and Changes and in NVIDIA's agreement to maintain both the new and the several existing Corporate Governance Policies and Changes set forth in Exhibit A hereto for a minimum of three years following the Effective Date or the end of NVIDIA's fiscal year 2012, whichever is later. NVIDIA, the NVIDIA SLC, and the Individual Settling Defendants acknowledge that such new policies and the contractual obligation to maintain the new and existing policies confer a substantial benefit upon NVIDIA.

## IV.    RELEASES

4.    In consideration for the value to NVIDIA described above, and the Corporate Governance Policies and Changes set forth in Exhibit A, the Parties agree that as of the Effective Date, Plaintiffs, on their own behalf individually and derivatively on behalf of NVIDIA, and NVIDIA shall have, and by operation of the Judgments in the Actions shall be deemed to have, fully, finally, and forever released, relinquished, and discharged the Released Claims, including, without limitation: (a) all Released Claims against all defendants in the Actions, the Related Persons, and NVIDIA, and (b) any and all claims, including unknown claims, arising out of, relating to, or in connection with the settlement and/or resolution of the Actions against all defendants in the Actions, the Related Persons, and NVIDIA; provided, however, that nothing herein is meant to bar any claim relating solely to performance or enforcement of this Settlement Agreement or the California Settlement.

5.     Upon the occurrence of the Effective Date, each of the Individual Settling Defendants and each and every Related Person shall have, and by operation of the Judgments in the Actions shall be deemed to have, fully, finally and forever released, relinquished and discharged each and every Plaintiff and Plaintiffs' respective counsel from all claims including unknown claims, arising out of, or relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Actions or the Released Claims; provided, however, that nothing herein is meant to bar any claim relating solely to performance or enforcement of this Settlement Agreement or the California Settlement.

## V.     WAIVER OF UNKNOWN OR UNSUSPECTED CLAIMS

6.     In granting the releases herein, the Parties acknowledge that they have read California Civil Code Section 1542, which reads as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Parties expressly waive and relinquish all rights and benefits under Section 1542 and any law or legal principle of similar effect in any jurisdiction with respect to the release of unknown or unsuspected claims relating to the Released Claims. The Parties acknowledge that the foregoing waiver was separately bargained for and a key element of this Settlement Agreement of which this release is a material and essential part. The Parties acknowledge that they may hereafter discover facts different from, or in addition to, those which they now know or believe to be true with respect to the Released Claims, and in this event agree that the releases contained in this Settlement Agreement shall be and remain effective in all respects.

- 14 -

## VI.   PROCEDURE FOR APPROVAL

7.   Promptly after this Settlement Agreement has been fully executed, NVIDIA SLC's Counsel and California Plaintiffs' Counsel shall submit this Settlement Agreement together with its Exhibits to the Court and shall apply for entry of a Preliminary Order, substantially in the form attached hereto as Exhibit B, scheduling a Settlement Hearing on the California Settlement as described in this Settlement Agreement, and approving for mailing and distribution of notice of the Global Settlement of the Actions, which shall include the general terms of the settlements as set forth in this Settlement Agreement and the Delaware Settlement Agreement and the time, date, and location of the hearings to be held by this Court and the Delaware Court to consider final approval of the respective proposed settlements.  NVIDIA SLC's Counsel and California Plaintiffs' Counsel will propose to the Court that Notice of the proposed Settlement be provided to NVIDIA's current stockholders by (1) posting a copy of the Notice on NVIDIA's corporate website, and (2) mailing a copy of the Notice via first-class mail to all NVIDIA shareholders of record.  Within ten (10) business days after the later to occur of (1) entry of the Preliminary Order in this Court approving the Notice and proposed method of notice, or (2) entry of a scheduling order in the Delaware Action approving the Notice and proposed method of notice, NVIDIA shall cause a copy of the Notice, substantially in the form of Exhibit C, to be mailed by first-class mail to all stockholders of record at the address provided on the books of the Company.  If requested by any stockholder of record who holds shares on behalf of one or more beneficial holders, NVIDIA promptly shall provide the stockholder of record with sufficient copies of the Notice for the stockholder of record to send to the beneficial holders on whose behalf the stockholder of record holds shares.  If any stockholder of record sends a list of the names and addresses of such beneficial owners to the Notice Administrator, then the Notice Administrator shall promptly mail the Notice to such beneficial owners.  All

- 15 -

costs incurred in identifying and notifying NVIDIA stockholders of the Settlement shall be paid by NVIDIA, and in no event shall the California Plaintiffs or California Plaintiffs' Counsel be responsible for any notice costs or expenses.

        8.      If the California Settlement contemplated by this Settlement Agreement is approved by the Court, NVIDIA, California Plaintiffs, and the Individual Settling Defendants shall jointly request that the Court enter a Judgment substantially in the form of Exhibit D attached hereto.

## VII.    DISMISSAL OF THE SANTA CLARA ACTION

        9.      Within ten (10) business days of execution of this Settlement Agreement, the parties to the Santa Clara Action shall jointly notify the Santa Clara Superior Court of the Settlement Agreement, and apply to the Santa Clara Superior Court for a stay of all proceedings pending entry of a Judgment in the Federal Action granting final approval to this Settlement Agreement and dismissing the Federal Action with prejudice.

        10.      Within ten (10) business days of entry of a Judgment in the Federal Action granting final approval to this Settlement Agreement and dismissing the Federal Action with prejudice, the parties to Santa Clara Action shall apply to the Santa Clara Superior Court for a dismissal with prejudice of the Santa Clara Action and use best efforts to secure such dismissal.

## VIII.    EFFECTIVE DATE OF CALIFORNIA SETTLEMENT

        11.      The "Effective Date" of this Settlement shall be the date when all the following shall have occurred:

        a.      The Court has entered a Judgment, substantially in the form of Exhibit D attached hereto, granting final approval to this Settlement Agreement and dismissing the Federal Action with prejudice, and such Judgment has become Final, as defined in paragraph 1(r) above;

- 16 -

b.      The Delaware Court has entered a Judgment granting final approval to the Delaware Settlement Agreement and dismissing the Delaware Action with prejudice, and such Judgment has become final and not subject to appeal pursuant to the terms of the Delaware Settlement Agreement; and

c.      Dismissal of the Santa Clara Action with prejudice.

## IX.      TERMINATION RIGHTS AND EFFECT OF TERMINATION

12.      Any Party may terminate and withdraw from this Settlement Agreement by providing written notice of their election to do so to the undersigned counsel for all other Parties within thirty (30) days after: (a) the Court declines to preliminarily or finally approve this Settlement Agreement in any material respect; (b) the Court declines to enter a Judgment granting final approval to this Settlement Agreement in any material respect; (c) the Judgment in the Federal Action is modified or reversed in any material respect; (d) the Federal Action is not dismissed with prejudice; (e) the Santa Clara Action is not dismissed with prejudice; (f) the Delaware Court declines to approve the Delaware Settlement Agreement in any material respect; (g) the Delaware Court declines to enter a Scheduling Order in any material respect; (h) the Delaware Court declines to enter a Judgment granting final approval to the Delaware Settlement Agreement in any material respect; (i) the Judgment in the Delaware Action is modified or reversed in any material respect; (j) the Delaware Action is not dismissed with prejudice.

13.      If the Effective Date cannot occur, or if any Party terminates the Settlement Agreement in accordance with the procedures set forth in paragraph 12 above, the Parties shall be restored to their respective positions in the Federal Action and the Santa Clara Action as of the date in which the Memorandum of Understanding was executed, September 19, 2008, and except as otherwise expressly provided herein, the Parties shall proceed in all respects as if this Settlement Agreement and any related orders had not been entered.

- 17 -

## X.    NO ADMISSION OF WRONGDOING

14.    This Settlement Agreement, whether or not approved by the Court, and any proceedings taken pursuant to this Settlement Agreement, any materials created by or received from another Party that were used in, obtained during, or related to settlement discussions, including, but not limited to all negotiations, documents, and statements in connection therewith, shall not be offered or received against any of the Parties as evidence of or construed as or deemed to be evidence of (a) any liability, negligence, fault, or wrongdoing of any of the Parties, (b) a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the Parties, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement Agreement, (c) a presumption, concession, or admission by any of the Individual Settling Defendants with respect to the truth of any fact alleged in the Federal or Santa Clara Action or the validity of any of the claims or the deficiency of any defense that was or could have been asserted in the respective Actions, (d) a presumption, concession, or admission by the Federal Plaintiffs, the Santa Clara Plaintiffs, NVIDIA, or the NVIDIA SLC of any infirmity in the claims asserted, or (e) an admission or concession that the consideration to be given hereunder represents the consideration which could be or would have been recovered at trial.

15.    Nothing herein, however, shall prevent any of the Parties from using this Settlement Agreement, or any document or instrument delivered hereunder (a) to effect or obtain Court approval of this Settlement Agreement, (b) to enforce the terms of this Settlement Agreement, (c) for purposes of defending, on the grounds of res judicata, collateral estoppel, release, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, any of the Claims asserted in the Federal or Santa Clara Actions

- 18 -

against any of the Parties released pursuant to this Settlement Agreement, or (d) as otherwise required by law.

## XI.   ATTORNEYS' FEES AND EXPENSES

16.    Subsequent to the negotiation of substantive terms of the settlement of the Actions and the execution of memoranda of understanding with respect to both the California Actions and the Delaware Action, Plaintiffs' Counsel in the California Actions and the Delaware Action negotiated an attorneys' fee and expense provision with counsel for NVIDIA, reaching an agreement that NVIDIA would pay, subject to court approval, attorneys' fees and expenses in the aggregate amount of $7.25 million to resolve on a global basis any and all claims regarding NVIDIA's historical stock option granting practices.    Plaintiffs' Counsel then separately negotiated an allocation for the overall fee and expense amount of $2,465,000 for Federal Plaintiffs' Counsel, $2,030,000 for Santa Clara Plaintiffs' Counsel, and $2,755,000 for Delaware Plaintiffs' Counsel.   Subject to Court approval, NVIDIA has agreed to pay attorneys' fees and expenses of $2,465,000 to counsel in the Federal Action, and attorneys' fees and expenses of $2,030,000 to counsel in the Santa Clara Action.   The payment by NVIDIA of attorneys' fees and expenses to the Federal Plaintiffs' Counsel or Santa Clara Plaintiffs' Counsel shall in no way be related to or conditioned upon court approval of or payment by NVIDIA of attorneys' fees to Delaware Plaintiffs' Counsel.   These attorneys' fees constitute full and complete compensation for the services provided by plaintiffs' counsel in the Santa Clara, Federal, and Delaware Actions.   NVIDIA, the Individual Settling Defendants, and any Related Persons shall have no involvement in, responsibility for, and no liability whatsoever, with respect to the fee allocation among Plaintiffs' Counsel, or if any other person asserts some claim to any portion of the attorneys' fees and expenses.

- 19 -

17.     Within ten (10) days of the later to occur of: (a) entry of a Judgment by the Court finally approving this Settlement Agreement, or (b) entry of a Judgment by the Delaware Court finally approving the Delaware Settlement Agreement, NVIDIA shall deposit into a joint account held by Coughlin Stoia Geller Rudman & Robbins LLP and Barrack, Rodos & Bacine the attorneys' fees and expenses awarded by the Court to Federal Plaintiffs' Counsel, or if the Court has not yet issued an Order awarding attorneys' fees and expenses, NVIDIA shall deposit $2,465,000 into the joint account.   Coughlin Stoia Geller Rudman & Robbins LLP and Barrack, Rodos & Bacine shall allocate the attorneys' fees and expenses amongst the Federal Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the prosecution and settlement of the Federal Action.   Payment of the attorneys' fees and expenses will be made by NVIDIA and the Individual Settling Defendants shall have no obligation whatsoever to make any such payment.

18.     Within ten (10) days of the later to occur of: (a) entry of a Judgment by the Court finally approving this Settlement Agreement, or (b) entry of a Judgment by the Delaware Court finally approving the Delaware Settlement Agreement, NVIDIA shall deposit into a joint account held by Robbins Umeda & Fink, LLP and The Shuman Law Firm the attorneys' fees and expenses awarded by this Court to Santa Clara Plaintiffs' Counsel, or if the Court has not yet issued an Order awarding attorneys' fees and expenses, NVIDIA shall deposit $2,030,000 into the joint account.   Robbins Umeda & Fink, LLP and The Shuman Law Firm shall allocate the attorneys' fees and expenses amongst the Santa Clara Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the prosecution and settlement of the Santa Clara Action.   Payment of the attorneys' fees and expenses will be made

OHS West:260529080.1

by NVIDIA and the Individual Settling Defendants shall have no obligation whatsoever to make any such payment.

19.    The award of attorneys' fees and expenses is not a condition of this Settlement Agreement becoming effective.  Any Order or proceeding relating to the award or disbursement of the attorneys' fees and expenses, or any appeal from any Order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Settlement Agreement, or affect or delay the finality of the Judgment approving this Settlement Agreement or the Effective Date.  If the amount of attorneys' fees and expenses awarded by this Court to the Federal Plaintiffs' Counsel or the Santa Clara Plaintiffs' Counsel are less than the attorneys' fees and expenses paid to the respective Plaintiffs' Counsel by NVIDIA pursuant to the preceeding paragraphs 17 and 18, then the amount of overpayment, and any and all interest accrued thereon since the payment, calculated based on the interest rate on the 30-day Treasury Bills on the date of payment, shall be refunded to NVIDIA by the respective Plaintiffs' Counsel receiving the overpayment within ten (10) business days of the respective award of attorneys' fees and expenses.  Further, if, for any reason, the Effective Date of this Settlement Agreement cannot occur, or, if as a result of any appeal, further proceedings, or successful collateral attack, the award of attorneys' fees and expenses to either the Federal Plaintiffs' Counsel or Santa Clara Plaintiffs' Counsel is amended, modified, or does not become Final, then the attorneys' fees and expenses or overpayment of attorneys' fees and expenses to the respective Plaintiffs' Counsel, as the case may be, and any and all interest accrued thereon since payment, calculated based on the interest rate on the 30-day Treasury Bills on the date of payment, shall be returned to NVIDIA within ten (10) business days from receipt of written notice informing the respective Plaintiffs' Counsel that the Effective Date will not occur, or informing the respective Plaintiffs' Counsel of

- 21 -

any amendment or modification to the award of attorneys' fees and expenses. The repayment obligation set forth in this paragraph is the obligation of those Federal Plaintiffs' Counsel or Santa Clara Plaintiffs' Counsel who have received payment, and each such respective Plaintiffs' Counsel's law firm, as a condition of receiving such payment, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of California and this Court for the purposes of enforcing this repayment provision.

## XII.   MISCELLANEOUS PROVISIONS

20.     All of the Exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

21.     The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree to act in good faith and cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Settlement Agreement.

22.     The Parties agree that this Settlement Agreement was negotiated at arm's-length and in good faith by the Parties, and that this Settlement Agreement was reached voluntarily after consultation with experienced legal counsel.

23.     While the Individual Settling Defendants deny that the claims advanced in the Federal and Santa Clara Actions are meritorious, the Individual Settling Defendants, NVIDIA and the NVIDIA SLC will not deny that, based upon the publicly available information at the time, the Federal and Santa Clara Actions were filed in good faith and in accordance with the applicable state and federal laws, including Federal Rule of Civil Procedure 11 and all other similar laws. The Parties will jointly request that the Judgment contain a finding that during the

course of the litigation, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11, and all other similar laws.

24.     This Settlement Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Parties hereto or their successors-in-interest.

25.     The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

26.     This Settlement Agreement and the Exhibits attached hereto constitute the entire agreement between the Parties and no representations, warranties, or inducements have been made to any party concerning this Settlement Agreement or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

27.     The construction, interpretation, operation, effect, and validity of this Settlement Agreement, and all documents necessary to effectuate it, shall be governed by the laws of the State of Delaware, without regard to conflict of laws principles.

28.     This Settlement Agreement shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that this Settlement Agreement is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Settlement Agreement.

29.     Except as otherwise expressly provided herein, this Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their affiliates and their respective agents, executors, heirs, successors, and assigns, subject to the conditions set forth herein.

30.   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the California Settlement embodied in this Settlement Agreement.

31.   All counsel and any other person executing this Settlement Agreement and any of the Exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to this Settlement Agreement to effectuate its terms.

32.   All notices required to be furnished under this Settlement Agreement shall be furnished to and agreed to by NVIDIA's Counsel, the NVIDIA SLC's Counsel, Federal Plaintiffs' Counsel, Santa Clara Plaintiffs' Counsel, and the Individual Settling Defendants' Counsel.

33.   This Settlement Agreement may be executed in one or more counterparts, all of which taken together shall constitute one agreement.


IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed by their duly authorized attorneys, dated as of November 5, 2008.

Dated:  Nov. 3    , 2008        COUGHLIN STOIA GELLER RUDMAN & ROBBINS
                                LLP
                                655 West Broadway, Suite 1900
                                San Diego, CA 92101


                                JEFFREY D. LIGHT
                                Attorneys for Lead Plaintiff Alaska Electrical Pension Fund

- 24 -

Dated: *November 4*, 2008          BARRACK, RODOS & BACINE
                                   402 West Broadway, Suite 850
                                   San Diego, CA 92101


                                   STEPHEN R. BASSER
                                   Attorneys for Lead Plaintiff LIUNA Staff & Affiliates
                                   Pension Fund

Dated:              , 2008         ROBBINS UMEDA & FINK, LLP
                                   601 West Ash Street, Suite 1800
                                   San Diego, CA 92101


                                   MARC M. UMEDA
                                   Attorneys for Lead Plaintiff Michael Somark

Dated:              , 2008         THE SHUMAN LAW FIRM
                                   801 East 17th Avenue
                                   Denver, Co 80218


                                   KIP B. SHUMAN
                                   Attorneys for Lead Plaintiff Michael Gerber

Dated:              , 2008         MORRISON & FOERSTER LLP
                                   755 Page Mill Road
                                   Palo Alto, California 94304-1018


                                   DARRYL P. RAINS
                                   Attorneys for the Special Litigation Committee of the
                                   Board of Directors of NVIDIA Corporation

Dated:              , 2008         ORRICK, HERRINGTON & SUTCLIFFE LLP
                                   405 Howard Street
                                   San Francisco, CA 94105


                                   JAMES N. KRAMER

- 25 -

Dated:            , 2008        BARRACK, RODOS & BACINE
                                402 West Broadway, Suite 850
                                San Diego, CA 92101


                                _____
                                STEPHEN R. BASSER
                                Attorneys for Lead Plaintiff LIUNA Staff & Affiliates
                                Pension Fund

Dated: 11/4       , 2008        ROBBINS UMEDA & FINK, LLP
                                601 West Ash Street, Suite 1800
                                San Diego, CA 92101


                                _____
                                MARC M. UMEDA
                                Attorneys for Lead Plaintiff Michael Somark

Dated: November 4, , 2008       THE SHUMAN LAW FIRM
                                801 East 17th Avenue
                                Denver, Co 80218


                                _____
                                KIP B. SHUMAN
                                Attorneys for Lead Plaintiff Michael Gerber


Dated:            , 2008        MORRISON & FOERSTER LLP
                                755 Page Mill Road
                                Palo Alto, California 94304-1018


                                _____
                                DARRYL P. RAINS
                                Attorneys for the Special Litigation Committee of the
                                Board of Directors of NVIDIA Corporation

Dated:            , 2008        ORRICK, HERRINGTON & SUTCLIFFE LLP
                                405 Howard Street
                                San Francisco, CA 94105


                                _____
                                JAMES N. KRAMER

- 25 -

Dated:                , 2008          BARRACK, RODOS & BACINE
                                      402 West Broadway, Suite 850
                                      San Diego, CA 92101


                                      _____
                                      STEPHEN R. BASSER
                                      Attorneys for Lead Plaintiff LIUNA Staff & Affiliates
                                      Pension Fund

Dated:                , 2008          ROBBINS UMEDA & FINK, LLP
                                      601 West Ash Street, Suite 1800
                                      San Diego, CA 92101


                                      _____
                                      MARC M. UMEDA
                                      Attorneys for Lead Plaintiff Michael Somark

Dated:                , 2008          THE SHUMAN LAW FIRM
                                      801 East 17th Avenue
                                      Denver, Co 80218


                                      _____
                                      KIP B. SHUMAN
                                      Attorneys for Lead Plaintiff Michael Gerber

Dated: Nov 3           , 2008          MORRISON & FOERSTER LLP
                                      755 Page Mill Road
                                      Palo Alto, California 94304-1018


                                      _____
                                      DARRYL P. RAINS
                                      Attorneys for the Special Litigation Committee of the
                                      Board of Directors of NVIDIA Corporation

Dated: Nov. 3          , 2008          ORRICK, HERRINGTON & SUTCLIFFE LLP
                                      405 Howard Street
                                      San Francisco, CA 94105


                                      _____
                                      JAMES N. KRAMER

                                      - 25 -

Attorneys for Nominal Defendant NVIDIA Corporation, Marvin D. Burkett, David M. Shannon, and Curtis R. Priem

Dated: *October 31*, 2008

FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104

_____
KEVIN P. MUCK
Attorneys for Defendants Mary Dotz, Jeffrey D. Fisher, Chris A. Malachowsky, and Daniel F. Vivoli

Dated: _____, 2008

COOLEY GODWARD & KRONISH LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, California 94306

_____
JOHN C. DWYER
Attorneys for Defendant Jen-Hsun Huang

Dated: _____, 2008

KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA 94111

_____
ROBERT A. VAN NEST
Attorneys for A. Brooke Seawell, Mark L. Stevens, and William J. Miller

Dated: _____, 2008

HOGAN & HARTSON LLP
525 University Avenue, 2nd Floor
Palo Alto, CA 94301

_____
NORMAN J. BLEARS
Attorneys for Tench Coxe, James C. Gaither, and Harvey C. Jones, Jr.

- 26 -

Attorneys for Nominal Defendant NVIDIA Corporation, Marvin D. Burkett, David M. Shannon, and Curtis R. Priem

Dated:                      , 2008        FENWICK & WEST LLP
                                          555 California Street, 12th Floor
                                          San Francisco, CA 94104


_____

KEVIN P. MUCK
Attorneys for Defendants Mary Dotz, Jeffrey D. Fisher, Chris A. Malachowsky, and Daniel F. Vivoli

Dated:                      , 2008        COOLEY GODWARD & KRONISH LLP
                                          Five Palo Alto Square
                                          3000 El Camino Real
                                          Palo Alto, California 94306


_____

JOHN C. DWYER
Attorneys for Defendant Jen-Hsun Huang

Dated:                      , 2008        KEKER & VAN NEST LLP
                                          710 Sansome Street
                                          San Francisco, CA 94111


_____

ROBERT A. VAN NEST
Attorneys for A. Brooke Seawell, Mark L. Stevens, and William J. Miller

Dated:                      , 2008        HOGAN & HARTSON LLP
                                          525 University Avenue, 2nd Floor
                                          Palo Alto, CA 94301


_____

NORMAN J. BLEARS
Attorneys for Tench Coxe, James C. Gaither, and Harvey C. Jones, Jr.

- 26 -

Attorneys for Nominal Defendant NVIDIA Corporation,
Marvin D. Burkett, David M. Shannon, and Curtis R. Priem


Dated:                , 2008        FENWICK & WEST LLP
                                    555 California Street, 12th Floor
                                    San Francisco, CA 94104



                                    _____
                                    KEVIN P. MUCK
                                    Attorneys for Defendants Mary Dotz, Jeffrey D. Fisher,
                                    Chris A. Malachowsky, and Daniel F. Vivoli

Dated:                , 2008        COOLEY GODWARD & KRONISH LLP
                                    Five Palo Alto Square
                                    3000 El Camino Real
                                    Palo Alto, California 94306



                                    _____
                                    JOHN C. DWYER
                                    Attorneys for Defendant Jen-Hsun Huang


Dated: November 4 , 2008            KEKER & VAN NEST LLP
                                    710 Sansome Street
                                    San Francisco, CA 94111

                                    _____
                                    ROBERT A. VAN NEST  Michael Celio
                                    Attorneys for A. Brooke Seawell, Mark L.
                                    Stevens, and William J. Miller

Dated:                , 2008        HOGAN & HARTSON LLP
                                    525 University Avenue, 2nd Floor
                                    Palo Alto, CA 94301



                                    _____
                                    NORMAN J. BLEARS
                                    Attorneys for Tench Coxe, James C. Gaither, and Harvey
                                    C. Jones, Jr.


- 26 -

Attorneys for Nominal Defendant NVIDIA Corporation,
Marvin D. Burkett, David M. Shannon, and Curtis R. Priem

Dated:                , 2008        FENWICK & WEST LLP
                                    555 California Street, 12th Floor
                                    San Francisco, CA 94104


                                    _____
                                    KEVIN P. MUCK
                                    Attorneys for Defendants Mary Dotz, Jeffrey D. Fisher,
                                    Chris A. Malachowsky, and Daniel F. Vivoli

Dated:                , 2008        COOLEY GODWARD & KRONISH LLP
                                    Five Palo Alto Square
                                    3000 El Camino Real
                                    Palo Alto, California 94306


                                    _____
                                    JOHN C. DWYER
                                    Attorneys for Defendant Jen-Hsun Huang


Dated:                , 2008        KEKER & VAN NEST LLP
                                    710 Sansome Street
                                    San Francisco, CA 94111



                                    _____
                                    ROBERT A. VAN NEST
                                    Attorneys for A. Brooke Seawell, Mark L.
                                    Stevens, and William J. Miller

Dated:                , 2008        HOGAN & HARTSON LLP
                                    525 University Avenue, 2nd Floor
                                    Palo Alto, CA 94301

                                    _____
                                    NORMAN J. BLEARS
                                    Attorneys for Tench Coxe, James C. Gaither, and Harvey
                                    C. Jones, Jr.

- 26 -

Dated: *Nov. 5*          , 2008          AKIN GUMP LLP
                                        580 California St
                                        San Francisco, CA 94104

                                        _____
                                        STEVE KAUFHOLD
                                        Attorneys for Di Ma

Dated:               , 2008          HOWREY LLP
                                        525 Market Street
                                        San Francisco, CA 94105


                                        _____
                                        LEIGH KIRMSSE
                                        Attorneys for Christine B. Hoberg

- 27 -

Dated:        , 2008        AKIN GUMP LLP
580 California St
San Francisco, CA 94104

_____

STEVE KAUFHOLD
Attorneys for Di Ma

Dated: *Nfhnli Y* , 2008        HOWREY LLP
525 Market Street
San Francisco, CA 94105

_____

LEIGH KIRMSSH
Attorneys for Christine B. Hoberg

OHS West:260529080.1