UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re NVIDIA CORP. DERIVATIVE LITIGATION | Master File No. C-06-06110-SBA (JCS) |
| This Document Relates To:<br><br>ALL ACTIONS. | AMENDED [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT |

After considering the papers filed in this action, including, but not limited to, the Stipulation and Agreement of Settlement of Derivative Litigation dated November 5, 2008, and filed on November 10, 2008 (the "Settlement Agreement"), the Court hereby grants preliminarily approval of the settlement (the "Settlement") of this action.[1,2] Further, the Court directs that notice be given to NVIDIA shareholders pursuant to the method of notice provided herein, and that a hearing be scheduled for January 27, 2009 at 1:00 p.m., at which the Court will consider final approval of the Settlement, including the payment of attorneys' fees and expenses negotiated by the parties.

I.  **BACKGROUND**

The parties to this action have requested preliminary approval of the proposed Settlement of the derivative claims brought on behalf of NVIDIA Corporation ("NVIDIA") against certain of its officers and directors. The terms of the Settlement are set forth in the Settlement Agreement. The Settlement resolves the derivative claims pending in this Court, as well as a consolidated derivative

---

[1] This Order incorporates by reference the definitions in the Settlement Agreement and, unless otherwise defined herein, all capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement.

[2] For the purposes of this Order, the Court adopts the Factual and Procedural Background set forth in §II of the Settlement Agreement.

action filed in the Superior Court of the State of California, County of Santa Clara, captioned *In re NVIDIA Corporation, Derivative Litigation*, Case No. 1:06-CV-0783475 (the "Santa Clara Action").[3]  The core allegations underlying the complaints filed in each of the actions relate to an alleged options backdating scheme that rendered NVIDIA's financial statements during the period of 1999 through 2006 materially false and misleading.

The Settlement Agreement negotiated between the Parties includes several elements, each of which appear to provide substantial benefit to NVIDIA and its shareholders.  The Settlement Agreement includes an agreement to enact and/or continue numerous corporate governance policies and changes that will strengthen NVIDIA's internal controls and the independence and accountability of its board of directors.  These corporate governance changes, which are set forth in Exhibit A to the Settlement Agreement, include, but are not limited to, modifications to policies and procedures regarding the appointment and duties of a Lead Independent Director, the composition of NVIDIA's Board, the compensation of NVIDIA's officers and directors, stock ownership requirements for NVIDIA's officers and non-employee directors and the education of the Company's directors.  To ensure adherence to these policies, NVIDIA's Board of Directors (the "Board") will adopt resolutions and amend committee charters or the Corporate Governance Policies of the Board and such that the policies will remain in effect for a period of three years following the Settlement Date or through the end of NVIDIA's fiscal year 2012, whichever is later.

In addition to these valuable corporate governance policies and changes, under the terms of the Settlement Agreement NVIDIA shall receive a direct economic benefit that the Parties have represented has an aggregate value of $15,816,000.  The economic benefit to NVIDIA and its shareholders consists of; (a) a cash payment of $8,000,000 from NVIDIA's D&O insurance carrier; (b) $456,000 in value from defendant Jen-Hsun Huang's completed voluntary re-pricing of mispriced

---

[3]  The Parties have represented that plaintiffs in a shareholder derivative suit filed in the Delaware Court of Chancery, titled *The Police and Fire Retirement System for the City of Detroit and Irving Fleischman v. Huang, et al.*, Case No. 2497-CC (the "Delaware Action"), have submitted a substantially similar settlement agreement to the Delaware Court for approval.

stock options; (c) $3.5 million in value from defendant Huang via future re-pricing and/or cancellation of unexercised options; and (d) $3.86 million in value from a completed 409A tender offer.

## II. BASIS FOR GRANTING PRELIMINARY APPROVAL

There is a strong policy favoring compromises that resolve litigation, and case law in the Ninth Circuit reflects that strong policy. "There is an overriding public interest in settling and quieting litigation." *MWS Wire Indus., Inc. v. California Fine Wire Co.,* 797 F.2d 799, 802 (9th Cir. 1986), *quoting United States v. McInnes*, 556 F.2d 436, 441 (9th Cir. 1977); *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 784 (3d Cir. 1995) (favoring settlement "particularly in class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation."). "Because shareholder derivative actions are 'notoriously difficult and unpredictable . . . settlements are favored.'" *In re AOL Time Warner Shareholder Derivative Litigation*, 2006 U.S. Dist. LEXIS 63260, *8 (S.D.N.Y. September 6, 2006) (citations omitted).

Federal Rule of Civil Procedure 23.1 governs the settlement of derivative actions. *Wiener v. Roth*, 791 F.2d 661 (8th Cir. 1986). A derivative action "may be settled, voluntarily dismissed, or compromised only with the court's approval. Notice of a proposed settlement, voluntary dismissal, or compromise must be given to shareholders or members in the manner that the court orders." Fed. R. Civ. P. 23.1(c). Further, under Ninth Circuit precedent, this Court must grant preliminary approval of a settlement, including approval of the notice to shareholders and the proposed method of notice, before having the final settlement hearing.

In order to grant preliminary approval, the Court need only conclude that the settlement of the claims on the agreed upon terms is "within the range of possible approval." As the *Manual for Complex Litigation* explains:

> If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment of class representatives or of segments of the class, or excessive compensation for attorney and appears to fall within the range of possible approval, the court should direct that notice under Rule 23(e) be given to the class members of a formal fairness hearing, as which arguments and evidence may be presented in support of and in opposition to the settlement.

*Manual for Complex Litigation* § 30.41, at 237 (3d ed. 1995); *see also Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980), *aff'd*, 661 F.2d 939 (9th Cir. 1981).

To determine whether the Settlement is "within the range of possible approval," the Court must evaluate whether the Settlement is "fair, reasonable, and adequate" and ensure that the agreement is "not the product of fraud or overreaching by, or collusion between, the negotiating parties." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982); *see also In re Pacific Enterprises Securities Litigation*, 47 F. 3d 373, 377 (9th Cir. 1995) (citation omitted).

Here, there is no evidence of fraud or collusion, and the Settlement appears to be the result of good faith arm's-length bargaining. *See In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 159 (4th Cir. 1991). The Settlement was negotiated by experienced counsel on behalf of all parties, the parties appear to have engaged in significant negotiations, including at least four formal mediation sessions, and the parties were assisted by an experienced mediator in the reaching the Settlement, the Honorable Judge Infante (Ret.).

Moreover, the Settlement appears "fair, reasonable and adequate." In addition to the valuable corporate governance policies and changes, NVIDIA was able to obtain significant financial benefits that the Parties represent amount to more than $15.8 million. As corporate debacles such as Enron, Tyco and WorldCom demonstrate, strong corporate governance is fundamental to the economic well-being and success of a corporation. Indeed, "Courts have recognized that corporate governance reforms such as those achieved here provide valuable benefits to public companies." *Cohn v. Nelson*, 375 F.Supp.2d 844, 853 (E.D. Mo. 2005) (citing cases).

The attorneys' fees and expenses also appear to be "fair, reasonable, and adequate" and within the range of fees awarded in other options backdating cases. *See, e.g. In re Juniper Derivative Actions*, No. 5:06-cv-03396-JW slip op. (N.D. Cal. November 13, 2008) (awarding $9 million in fees and expenses in connection with the settlement of options backdating allegations); *City of Pontiac Gen. Employees' Ret. Sys. v. Langone*, No. 2006-cv-122302, slip op. (Fulton County, Ga. June 10, 2008) (awarding $14.5 million fee in connection with settlement of options backdating allegations); *In re Activision, Inc. S'holder Derivative Litig.*, No. CV-06-04771-MRP(JTLx), slip. op.

(C.D. Cal. July 21, 2008) (approving $10 million in fees and expenses in options backdating case). NVIDIA has agreed to pay, subject to court approval, attorneys' fees and expenses in the aggregate amount of $7.25 million; $2,465,000 to counsel in the above-captioned action, $2,030,000 to counsel in the Santa Clara Action, and $2,755,000 to counsel in the Delaware Action.

      An evaluation of the benefits of settlement must also be tempered by a recognition that any compromise involves concessions on the part of all the settling parties. Indeed, "the very essence of a settlement is compromise, 'a yielding of absolutes and an abandoning of highest hopes.'" *Officers for Justice*, 688 F.2d at 624 (citations omitted). The outcome of this action was by no means a foregone conclusion. Had Federal Plaintiffs continued to litigate, they would have faced a host of potential risks and costs, including the potential for successful attacks on the pleadings, high costs associated with lengthy and complex litigation, potential loss on summary judgment, and risks and costs associated with trial, should the case progress that far. Indeed, even a favorable judgment at trial may face post-trial motions and even if liability was established, the amount of recoverable damages is uncertain. The Settlement eliminates these and other risks of continued litigation, including the very real risk of no recovery after several years of litigation. *See Id.* at 625. Indeed, the Ninth Circuit, in affirming the district court's approval of settlement of a derivative action noted that the "odds of winning [a] derivative lawsuit [are] extremely small" because "derivative lawsuits are rarely successful." *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995). Similarly, by reaching a settlement, Defendants have avoided significant risks and costs, including the costs associated with continued litigation, potential liability and exposure to damages, and the distraction that arises as a result of litigation.

      Finally, significant weight should be attributed to counsel's belief that settlement is in the best interest of those affected by the settlement. *See Officers for Justice*, 688 F.2d at 625. Here, the Parties have represented that each independently considered the Settlement and all agree that it is in the best interests of the Company and its stockholders. This belief appears to be the product of substantial experience in the area of shareholder representative litigation.

Based upon the foregoing, the Court finds that the Settlement is within the range of possible approval and, accordingly, the Court preliminarily approves the Settlement.

**THEREFORE, IT IS HEREBY ORDERED** as follows:

1. The Court preliminarily approves the Settlement, subject to further consideration at the Settlement Hearing described below.

2. A hearing (the "Settlement Hearing") shall be held on January 27, 2009 at 1:00 p.m. in the United States District Courthouse, 1302 Clay Street, Courtroom 3, 3rd Floor, Oakland, CA 94612, to: (a) determine whether the proposed Settlement, on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and in the best interests of NVIDIA and its shareholders; (b) determine whether the Court should finally approve the Settlement and enter an Order and Final Judgment (the "Judgment") as provided in the Settlement Agreement dismissing the Action with prejudice and extinguishing and releasing the Released Claims; and (c) rule on such other matters as the Court may deem appropriate.

3. All papers in support of approval of the Settlement shall be filed with the Court and served on all respective Parties at least seven (7) days prior to the Settlement Hearing.

4. The Settlement Hearing may be adjourned by the Court from time to time without further notice to anyone other than the parties to the Action. The Court may also change any other dates set forth herein without further notice to anyone other than the Parties to the Action.

5. The Court reserves the right to approve the Settlement at or after the Settlement Hearing with such modifications as may be consented to by the parties to the Settlement Agreement and without further notice.

6. The Court approves, in form and content, the Notice of Pendency and Settlement of Shareholder Derivative Actions ("Notice") filed by the parties as Exhibit C to the Settlement Agreement, and finds that the giving of notice substantially in the manner set forth herein

meets the requirements of Federal Rule of Civil Procedure 23.1 and due process, and is the best notice practicable under the circumstances.

7. Within ten (10) business days after the later to occur of (1) entry of the Preliminary Order in this Court approving the Notice and proposed method of notice, or (2) entry of a Scheduling Order in the Delaware Action approving the Notice and proposed method of notice, NVIDIA shall (a) post the Notice on NVIDIA's corporate website, and (b) cause a copy of the Notice, substantially in the form of Exhibit C to the Settlement Agreement, to be mailed by first-class mail to all stockholders of record at the address provided on the books of the Company. If requested by any stockholder of record who holds shares on behalf of one or more beneficial holders, NVIDIA promptly shall provide the stockholder of record with sufficient copies of the Notice for the stockholder of record to send to the beneficial holders on whose behalf the stockholder of record holds shares. If any stockholder of record sends a list of the names and addresses of such beneficial owners to the Notice Administrator, then the Notice Administrator shall promptly mail the Notice to such beneficial owners. All costs incurred in identifying and notifying NVIDIA stockholders of the Settlement shall be paid by NVIDIA, and in no event shall the Federal Plaintiffs or the Federal Plaintiffs' Counsel be responsible for any notice costs or expenses.

8. No later than fourteen (14) days prior to the date of the Settlement Hearing, NVIDIA shall file with the Court appropriate proof of mailing the Notice and other Notice procedures in accordance with this Preliminary Order.

9. As set forth in the Notice, any current shareholder of NVIDIA who objects to any aspect of the Settlement, the Judgment proposed to be entered, or who otherwise wishes to be heard by the Court ("Objector"), has the right to submit his or her objection to the Court, and may, but is not required to, appear in person or through counsel at the Settlement Hearing, and to present

any evidence or argument that may be proper and relevant; provided, however, that no Objector shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon, unless he, she, or it has, no later than ten (10) business days before the Settlement Hearing (unless the Court in its discretion shall thereafter otherwise direct, upon application of such person and for good cause shown), filed with the Clerk of the Court, U.S. District Courthouse, 1302 Clay Street, Suite 400 S, Oakland, CA 94612, and served (by hand, first class mail, or express service) on Federal Plaintiffs' Counsel and NVIDIA's Counsel, at the addresses below, the following: (i) a written notice of objection that includes the Objector's name, address and telephone number, along with a representation as to whether the Objector intends to appear at the Settlement Hearing; (ii) competent evidence that the Objector currently owns shares of NVIDIA stock, (iii) a statement of the objections to any matters before the Court, the grounds therefore or the reasons for the Objector's desiring to appear and be heard, as well as all documents or writings the Objector desires the Court to consider; and (iv) if the Objector has indicated that he, she or it intends to appear at the Settlement Hearing, the identities of any witnesses the Objector plans on calling at the Settlement Hearing, along with a summary of their likely testimony.

| | |
|---|---|
| Stephen R. Basser, Esq.<br>Barrack, Rodos & Bacine<br>600 West Broadway<br>Suite 900<br>San Diego, CA  92101<br><br>**Lead Counsel for Federal Plaintiffs** | James N. Kramer, Esq.<br>Orrick, Herrington & Sutcliffe LLP<br>405 Howard Street<br>San Francisco, CA  94105<br><br>**Counsel for NVIDIA** |

10. Any person or entity of any nature who fails to object in the manner prescribed above shall be deemed to have waived such objection (including the right to appeal), unless the Court in its discretion allows such objection to be heard at the Settlement Hearing, and forever shall be barred from raising such objection in this Action, or any other action or proceeding, or otherwise

contesting the Settlement or the award of attorneys' fees and expenses, but shall otherwise be bound by the Judgment to be entered and the releases to be given.

    11. All discovery and other proceedings in this Action (except as may be necessary to carry out the terms and conditions of the proposed Settlement) are hereby stayed and suspended until further order of the Court.  Except as provided in the Settlement Agreement, pending the final determination of whether the Settlement should be approved, all Parties to the Action (including the Federal Plaintiffs, the Individual Settling Defendants, and NVIDIA) are hereby enjoined against instituting, commencing, prosecuting, continuing or in any way participating in, whether directly, representatively, individually, derivatively on behalf of NVIDIA, or in any other capacity, any action or other proceeding asserting any Released Claims.

DATED:
12/19/08

_____
THE HONORABLE
SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE