1  MICHAEL D. TORPEY (STATE BAR NO. 79424)
   mtorpey@orrick.com
2  JAMES N. KRAMER (STATE BAR NO. 154709)
   jkramer@orrick.com
3  RICHARD GALLAGHER (STATE BAR NO. 208714)
   rgallagher@orrick.com
4  JAMES THOMPSON (STATE BAR NO. 240979)
   jthompson@orrick.com
5  ORRICK, HERRINGTON & SUTCLIFFE LLP
   405 Howard Street
6  San Francisco, CA 94105
7  Telephone:    415-773-5700
   Facsimile:    415-773-5759
8
   Attorneys for NVIDIA Corporation
9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                    OAKLAND DIVISION

13

14  In re NVIDIA CORP. DERIVATIVE          Master File No. C-06-06110-SBA (JCS)
    LITIGATION
15                                          DECLARATION OF JAMES E.
                                            THOMPSON CONFIRMING
16  This Document Relates To:               COMPLIANCE WITH NOTICE
                                            REQUIREMENTS
17      ALL ACTIONS.

18

19

20          I, James E. Thompson, declare as follows:

21              1.      I am an attorney licensed to practice law in the State of California.  I am

22  associated with the firm of Orrick, Herrington & Sutcliffe, LLP, attorneys of record for Nominal

23  Defendant NVIDIA Corporation.  I have personal knowledge of the facts set forth in this

24  declaration and could and would testify competently to them under oath if called as a witness.

25              2.      On December 22, 2008, the Court in the above-captioned action entered an

26  Amended Order Preliminarily Approving Settlement ("Order").  Among other things, the Order

27  approved the Notice of Pendency and Settlement of Shareholder Derivative Actions ("Notice")

28  and the proposed method of notice.  Specifically, the Order required that within ten (10) business

OHS West:260619682.1                                    DECLARATION OF JAMES E. THOMPSON
                                                        CONFIRMING COMPLIANCE WITH NOTICE
                                                                             REQUIREMENTS

1  days after the later to occur of (1) entry of the Preliminary Order in this Court approving the

2  Notice and proposed method of notice, or (2) entry of a Scheduling Order in the Delaware Action

3  approving the Notice and proposed method of notice, NVIDIA shall (a) post the Notice on

4  NVIDIA's corporate website, and (b) cause a copy of the Notice, substantially in the form of

5  Exhibit C to the Settlement Agreement, to be mailed by first-class mail to all stockholders of

6  record at the address provided on the books of the Company.  If requested by any stockholder of

7  record who holds shares on behalf of one or more beneficial holders, NVIDIA promptly shall

8  provide the stockholder of record with sufficient copies of the Notice for the stockholder of

9  record to send to the beneficial holders on whose behalf the stockholder of record holds shares.  If

10  any stockholder of record sends a list of the names and addresses of such beneficial owners to the

11  Notice Administrator, then the Notice Administrator shall promptly mail the Notice to such

12  beneficial owners.

13       3.     On January 20, 2009, a Scheduling Order was entered in the Delaware

14  Action approving the Notice and proposed method of notice.  A true and correct copy of the

15  Scheduling Order is attached hereto as Exhibit A.

16       4.     On January 24, 2009, NVIDIA caused a copy of the Notice to be published

17  on NVIDIA's website.

18       5.     Also on January 24, 2009, the firm of Heffler, Radetich & Saitta L.L.P.

19  ("Heffler"), acting on behalf of NVIDIA as the Notice Administrator, caused a copy of the Notice

20  to be mailed by first-class mail to all stockholders of record at the address provided on the books

21  of the Company.  Attached hereto as Exhibit B is a true and correct copy of the Affidavit of

22  Edward J. Sincavage detailing the actions taken by Heffler as the Notice Administrator.

23       6.     I declare under penalty of perjury that the foregoing is true and correct.

24  Executed this 3rd day of March, 2009 in San Francisco, California.

25

26

27                  JAMES THOMPSON

28

DECLARATION OF JAMES E. THOMPSON
CONFIRMING COMPLIANCE WITH NOTICE
REQUIREMENTS

# EXHIBIT A

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| THE POLICE and FIRE RETIREMENT SYSTEM of the CITY OF DETROIT and IRVING FLEISCHMAN, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 2497-CC |
| | ) | |
| v. | ) | |
| | ) | |
| JEN-HSUN HUANG, CHRIS A. MALACHOWSKY, JEFFREY D. FISHER, MARY DOTZ, CURTIS R. PRIEM, DI MA, TENCH COXE, JAMES C. GAITHER, HARVEY C. JONES, WILLIAM J. MILLER, MARK STEVENS and BROOKE SEAWELL | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| NVIDIA CORPORATION | ) | |
| | ) | |
| Nominal Defendant. | ) | |

## SCHEDULING ORDER WITH RESPECT
## TO NOTICE AND SETTLEMENT HEARING

WHEREAS, the Parties to the above-captioned action (the "Action") have entered into a Stipulation and Agreement of Settlement of Derivative Litigation dated November 5, 2008 (the "Settlement Agreement") which sets forth the terms and conditions for the proposed settlement and dismissal with prejudice of the Action (the "Settlement"), subject to review and approval by this Court pursuant to Delaware Court of Chancery Rule 23.1 and upon notice to the shareholders of nominal defendant NVIDIA Corporation ("NVIDIA"); and

WHEREAS, this Scheduling Order incorporates by reference the definitions in the Settlement Agreement and, unless otherwise herein defined, all capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement;

**NOW**, upon application and consent of the parties, after review and consideration of the Settlement Agreement filed with the Court and the Exhibits attached thereto:

**IT IS HEREBY ORDERED** this 20th day of January 2009 as follows:

1.     A hearing (the "Settlement Hearing") shall be held on March 11th, 2009, at 2:30 p.m. in the Court of Chancery Courthouse, 34 The Circle, Georgetown, DE 19947, to: (a) determine whether the proposed Settlement, on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and in the best interests of NVIDIA and its shareholders; (b) determine whether the Court should finally approve the Settlement and enter a Final Order and Judgment (the "Judgment") as provided in the Settlement Agreement dismissing the Action with prejudice and extinguishing and releasing the Released Claims; (c) hear and determine any objections to the proposed Settlement; (d) rule on the application of Delaware Plaintiffs' Counsel for an award of Attorneys' Fees; and (e) rule on such other matters as the Court may deem appropriate.

2.     All papers in support of approval of the Settlement shall be filed with the Court and served on all respective Parties at least seven (7) days prior to the Settlement Hearing.

3.     The Settlement Hearing may be adjourned by the Court from time to time without further notice to anyone other than the parties to the Action. The Court may also change any other dates set forth herein without further notice to anyone other than the Parties to the Action.

4.     The Court reserves the right to approve the Settlement and Delaware Plaintiffs' Counsel's application for an award of Attorneys' Fees at or after the Settlement Hearing with such modifications as may be consented to by the parties to the Settlement Agreement and without further notice.

5.     The Court approves, in form and content the Notice of Pendency and Settlement of Shareholder Derivative Actions ("Notice") filed by the parties as Exhibit C to the Settlement Agreement, and finds that the giving of notice substantially in the manner set forth herein meets the requirements of Chancery Court Rule 23.1 and due process, and is the best notice practicable under the circumstances.

6.     No later than forty-five (45) days prior to the Settlement Hearing, and within ten (10) business days after the later to occur of (1) entry of the Scheduling Order in this Court approving the Notice and proposed method of notice, or (2) entry of an order preliminarily approving the California Settlement and approving the Notice and proposed method of notice, NVIDIA shall (a) post the Notice on NVIDIA's corporate website, and (b) cause a copy of the Notice, substantially in the form of Exhibit C to the Settlement Agreement, to be mailed by first-class mail to all stockholders of record at the address provided on the books of the Company.  If requested by any stockholder of record who holds shares on behalf of one or more beneficial holders, NVIDIA promptly shall provide the stockholder of record with sufficient copies of the Notice for the stockholder of record to send to the beneficial holders on whose behalf the stockholder of record holds shares.  If any stockholder of record sends a list of the names and addresses of such beneficial owners to the Notice Administrator, then the Notice Administrator shall promptly mail the Notice to such beneficial owners.  All costs incurred in identifying and notifying NVIDIA stockholders of the Settlement shall be paid by NVIDIA, and in no event shall the Delaware Plaintiffs or Delaware Plaintiffs' Counsel be responsible for any notice costs or expenses.

7.     No later than fourteen (14) days prior to the date of the Settlement Hearing, NVIDIA shall file with the Court appropriate proof of mailing the Notice and other Notice

procedures in accordance with this Scheduling Order.

8.     As set forth in the Notice, any current shareholder of NVIDIA who objects to any aspect of the Settlement, the Judgment proposed to be entered, and/or Delaware Plaintiffs' Counsel's application for an award of Attorneys' Fees, or who otherwise wishes to be heard by the Court ("Objector"), has the right to submit his or her objection to the Court, and may, but is not required to, appear in person or through counsel at the Settlement Hearing, and to present any evidence or argument that may be proper and relevant; provided, however, that no Objector shall be heard or entitled to contest the approval of the terms and conditions of the Settlement or the application for an award of Attorneys' Fees, or, if approved, the Judgment to be entered thereon, unless he, she, or it has, no later than ten (10) business days before the Settlement Hearing (unless the Court in its discretion shall thereafter otherwise direct, upon application of such person and for good cause shown), filed with the Register in Chancery, Court of Chancery, 34 The Circle, Georgetown, Delaware 19947, and served (by hand, first class mail, or express service) on Delaware Plaintiffs' Counsel and NVIDIA'S Counsel, at the addresses below, the following: (i) a written notice of objection that includes the Objector's name, address and telephone number, along with a representation as to whether the Objector intends to appear at the Settlement Hearing; (ii) competent evidence that the Objector currently owns shares of NVIDIA stock, (iii) a statement of the objections to any matters before the Court, the grounds therefore or the reasons for the Objector's desiring to appear and be heard, as well as all documents or writings the Objector desires the Court to consider; and (iv) if the Objector has indicated that he, she or it intends to appear at the Settlement Hearing, the identities of any witnesses the Objector plans on calling at the Settlement Hearing, along with a summary of their likely testimony.

Seth Rigodsky, Esq.
Rigrodsky & Long P.A.
919 North Market Street, Suite 980
Wilmington, DE 19801

J. Travis Laster, Esq.
Abrams & Laster LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807

Salvatore J. Graziano, Esq.
Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY  10019

James N. Kramer, Esq.
Orrick, Herrington & Sutcliffe LLP
405 Howard Street
San Francisco, CA  94105

**Delaware Plaintiffs' Counsel**          **Counsel for NVIDIA**

9.     Any person or entity of any nature who fails to object in the manner prescribed above shall be deemed to have waived such objection (including the right to appeal), unless the Court in its discretion allows such objection to be heard at the Settlement Hearing, and forever shall be barred from raising such objection in this Action, or any other action or proceeding, or otherwise contesting the Settlement or any application for an award of attorneys' fees and expenses, but shall otherwise be bound by the Judgment to be entered and the releases to be given.

10.     In the event that the Settlement is terminated pursuant to the terms of the Settlement Agreement, the Settlement and any actions taken in connection therewith shall become null and void for all purposes, and all negotiations, transactions, and proceedings connected with it: (i) shall be without prejudice to the rights of any Party thereto; (ii) shall not be deemed to be or construed as evidence of, or an admission by any Party of any fact, matter or thing; and (iii) shall not be admissible in evidence or be used for any purpose in any subsequent proceedings in the Action or any other action or proceeding.  If the Settlement is terminated, the Parties shall be deemed to have reverted to their respective status in the Action as of September 19, 2008, and, except as otherwise expressly provided, the Parties shall proceed in all respects as

if the Settlement Agreement and any related orders had not been entered.

        11.    All discovery and other proceedings in this Action (except as may be necessary to carry out the terms and conditions of the proposed Settlement) are hereby stayed and suspended until further order of the Court.  Except as provided in the Settlement Agreement, pending the final determination of whether the Settlement should be approved, all Parties to the Action (including the Delaware Plaintiffs, the Individual Settling Defendants, and NVIDIA) are hereby enjoined against instituting, commencing, prosecuting, continuing or in any way participating in, whether directly, representatively, individually, derivatively on behalf of NVIDIA, or in any other capacity, any action or other proceeding asserting any Released Claims.

*William B. Chandler III*

_____

Chancellor

# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| In re NVIDIA CORP. DERIVATIVE LITIGATION | Master File No. C-06-06110-SBA (JCS) |
| | AFFIDAVIT OF EDWARD J. SINCAVAGE CONFIRMING COMPLIANCE WITH NOTICE REQUIREMENTS |
| This Document Relates To: | |
| ALL ACTIONS. | |

I, Edward J. Sincavage, duly sworn, deposes and says:

1.      I am a partner in the Certified Public Accounting firm of Heffler, Radetich & Saitta L.L.P. ("HR&S"), the main offices of which are at Suite 1700, 1515 Market Street, Philadelphia, Pennsylvania 19102. I have personal knowledge of the matters set forth in this affidavit and, if called upon as a witness, I could and would competently testify to these matters under penalty of perjury.

2.      The Notice requirements are as follows: Within ten (10) business days after the later to occur of (1) entry of the Preliminary Order in this Court approving the Notice and proposed method of notice, or (2) entry of a Scheduling Order in the Delaware Action approving the Notice and proposed method of notice, NVIDIA shall (a) post the Notice on NVIDIA's corporate website, and (b) cause a copy of the Notice, substantially in the form of Exhibit C to the Settlement Agreement, to be mailed by first-class mail to all stockholders of record at the address provided on the books of the Company. If requested by any stockholder of record who holds shares on behalf of one or more beneficial holders, NVIDIA promptly shall provide the stockholder of record with sufficient copies of the Notice for the stockholder of record to send to the beneficial holders on whose behalf the stockholder of record holds shares. If any stockholder of record sends a list of the

names and addresses of such beneficial owners to the Notice Administrator, then the Notice Administrator shall promptly mail the Notice to such beneficial owners.

3.      On January 24, 2009, on behalf of NVIDIA Corporation ("NVIDIA" or the "Company"), HR&S caused a Notice of Pendency and Settlement of Shareholder Derivative Actions (the "Notice"), attached hereto as Exhibit A, to be mailed to 457 shareholders by first class mail, postage prepaid, which represented the stockholders of record of NVIDIA, at their last known address appearing on the books of the Company.

4.      On January 24, 2009, HR&S caused to be mailed a Notice to each of the 269 brokerage firms, CEDE Participants and other nominees ("Nominees") in HR&S's Nominee contact file (the "Nominee File") via postage pre-paid, first-class mail. The Nominee File is a compilation of firms that are typically sent a notice in securities actions administered by HR&S, and from which we expect a response.

5.      On January 24, 2009, HR&S also caused to be mailed a Notice to each of the 113 banks and other institutions ("Institutions") on HR&S's Institution mailing file via first-class mail. This file is a compilation of Institutions that are typically sent a notice in securities actions administered by HR&S merely to ensure that notice of this settlement has been disseminated widely; we do not necessarily expect a response from these Institutions.

6.      Thus, on January 24, 2009, HR&S caused to be mailed a total of 839 Notices via postage pre-paid, first-class mail to current NVIDIA stockholders of record, Nominees, and Institutions.

7.      HR&S was advised that on January 24, 2009, the Notice was posted on the Company's website.

8.      HR&S also received a participant positions listing report from The Depository Trust

2

Company ("CEDE") of 232 records.  This listing identified firms that CEDE'S records indicated held shares of Nvidia, Inc. on January 23, 2009.  These listings were used to send the Notice to the firms, requesting them to identify potential stockholders who held their shares in the street name of their brokerage firm(s).  We mailed a Notice to 89 of the 232 firms that were either not already on our Nominee file or were at a different address than listed in our Nominee file.

     9.     Subsequent to January 24, 2009, HR&S has mailed additional Notices via postage pre-paid, first-class mail (or via UPS for bulk shipments), as follows:

|  |  | Number of Notices Mailed |
|---|---|---|
| a. | To entities supplied by Nominees | 116,483 |
| b. | To Nominees that requested Notices in bulk | 9,350 |
|  | TOTAL | 125,833 |

     10.     Thus, through March 3, 2009, HR&S has mailed or caused to be mailed a total of 126,761 Notices via postage pre-paid, first-class mail (or via UPS for bulk shipments) as described in paragraphs 3 through 9 above.

*Edward J. Sincavage*

EDWARD J. SINCAVAGE/CPA

Sworn to and subscribed before me
this 3rd day of March 2009

*Kristine J. Blakla*

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
KRISTINE J. BLAKLA, Notary Public
City of Philadelphia, Phila. County
My Commission Expires May 1, 2011

3



IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | |
|---|---|
| ──────────────────────────── x | |
| THE POLICE and FIRE RETIREMENT | : |
| SYSTEM of the CITY OF DETROIT and | : |
| IRVING FLEISCHMAN, | : |
| | : |
| Plaintiffs, | :   C.A. No. 2497-CC |
| | : |
| v. | : |
| | : |
| JEN-HSUN HUANG, CHRIS A. | : |
| MALACHOWSKY, JEFFREY D. FISHER, | : |
| MARY DOTZ, CURTIS R. PRIEM, DI MA, | : |
| TENCH COXE, JAMES C. GAITHER, | : |
| HARVEY C. JONES, WILLIAM J. MILLER, | : |
| MARK STEVENS and BROOKE SEAWELL | : |
| | : |
| Defendants, | : |
| | : |
| and | : |
| | : |
| NVIDIA CORPORATION | : |
| | : |
| Nominal Defendant. | : |
| ──────────────────────────── x | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| ──────────────────────────── x | |
| In re NVIDIA CORP. DERIVATIVE | :   Case No. C-06-06110-SBA (JCS) |
| LITIGATION | : |
| ──────────────────────────── x | |

## NOTICE OF PENDENCY AND SETTLEMENT OF
## SHAREHOLDER DERIVATIVE ACTIONS

**TO:   ALL CURRENT SHAREHOLDERS OF NVIDIA CORPORATION ("NVIDIA")**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY AS IT CONTAINS IMPORTANT INFORMATION REGARDING YOUR RIGHTS. THIS NOTICE RELATES TO THE PROPOSED SETTLEMENTS OF THE ABOVE-CAPTIONED SHAREHOLDER DERIVATIVE ACTIONS AND A RELATED SHAREHOLDER DERIVATIVE ACTION PENDING IN CALIFORNIA STATE COURT. AS EXPLAINED BELOW, THE DELAWARE CHANCERY COURT AND THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA WILL HOLD FINAL SETTLEMENT HEARINGS ON MARCH 11, 2009, AND MARCH 17, 2009 RESPECTIVELY, TO DETERMINE WHETHER TO APPROVE THESE SETTLEMENTS. YOU HAVE AN OPPORTUNITY TO BE HEARD AT THESE HEARINGS. PLEASE NOTE THAT THE ACTIONS ARE DERIVATIVE ACTIONS BROUGHT BY SHAREHOLDERS OF NVIDIA FOR THE BENEFIT OF NVIDIA, AND NO INDIVIDUAL HAS A RIGHT TO BE COMPENSATED AS A RESULT OF THE SETTLEMENT OF THE ACTIONS.**

**THE FOLLOWING RECITATIONS ARE MADE BY THE SETTLING PARTIES AND THE COURTS HAVE NOT RULED ON THE MERITS OF THE ACTIONS.**

## I.  WHY YOU ARE RECEIVING THIS NOTICE

This Notice is provided pursuant to Delaware Chancery Court Rule 23.1 and by Order of the Chancery Court of the State of Delaware (the "Delaware Court"), and pursuant to Rule 23.1 of the Federal Rules of Civil Procedure and by Order of the U.S. District Court for the Northern District of California (the "Federal Court"). The purpose of this Notice is to advise you that, subject to approval of the Delaware and Federal Courts, a proposed settlement has been reached in the actions styled *The Police and Fire Retirement System for the City of Detroit and Irving Fleischman v. Huang, et al.,* Case No. 2497-CC (the "Delaware Action"), *In re NVIDIA Corp. Derivative Litigation,* Case No. C-06-06110-SBA (the "Federal Action"), and In re NVIDIA Corporation Derivative Litigation, Case No. 1:06-CV-073475 (the "Santa Clara Action"). For purposes of this Notice, the Federal and Santa Clara Actions will be collectively referred to as the "California Actions" and the California Actions and Delaware Action will be collectively referred to as the "Actions".

The proposed settlement would fully, finally and forever resolve the Actions on the terms and conditions summarized in this Notice. For purposes of settlement, the parties in the Santa Clara Action and the Federal Action will jointly submit a settlement agreement (the "California Settlement Agreement") to the Federal Court for approval. If the Federal Court enters a Judgment granting final approval to the California Settlement Agreement and dismissing the Federal Action with prejudice, counsel in the Santa Clara Action will execute and cause to be filed in the Santa Clara Action a dismissal with prejudice. The parties to the Delaware Action will similarly submit a settlement agreement (the "Delaware Settlement Agreement") to the Delaware Chancery Court for approval. The California Settlement Agreement and the Delaware Settlement Agreement are collectively referred to as the "Settlement Agreements."

A hearing in the Delaware Action (the "Delaware Settlement Hearing") will be held on March 11, 2009, at 2:30 p.m., before the Honorable William B. Chandler III in the Court of Chancery Courthouse, 34 The Circle, Georgetown, DE 19947, for the purpose of considering (i) whether the Delaware Settlement is fair, reasonable and adequate, and in the best interests of NVIDIA, and should be approved by the Delaware Court; (ii) whether to enter a Judgment giving final approval to the Delaware Settlement, dismissing the Delaware Action with prejudice, and effectuating the releases described below; (iii) whether the Delaware Court will approve Delaware Plaintiffs' Counsel's application for an award of attorneys' fees and expenses; and (iv) such other necessary and proper matters.

A hearing in the Federal Action (the "Federal Settlement Hearing") will be held on March 17, 2009, at 1:00 p.m., before the Honorable Saundra Brown Armstrong, in the U.S. District Courthouse, 1301 Clay Street, Courtroom 3, 3rd Floor, Oakland, CA 94612, for the purpose of considering (i) whether the California Settlement and the amount of attorneys' fees and expenses negotiated by the parties, is fair, reasonable and adequate, and in the best interests of NVIDIA, and should be approved by the Federal Court; (ii) whether to enter a Judgment giving final approval to the California Settlement, dismissing the Federal Action with prejudice, and effectuating the releases described below; and (iii) such other necessary and proper matters.

## II.  SUMMARY OF THE ACTIONS

In June 2006, the Audit Committee of NVIDIA's Board of Directors (the "Board") commenced a review of NVIDIA's practices and policies relating to the granting of stock options, encompassing all grants from NVIDIA's initial public offering through June 2006. On August 10, 2006, NVIDIA publicly announced that the Audit Committee had reached a preliminary conclusion that "incorrect measurement dates were used for financial accounting purposes for stock option grants in certain prior periods," and that "[a]s a result, NVIDIA may record additional non-cash stock-based compensation expense related to stock option grants." The Audit Committee did not find intentional wrongdoing by any NVIDIA officer or director, nor did it find any concern with the integrity of NVIDIA management.

NVIDIA also disclosed in the August 10, 2006 announcement that it had contacted the Securities and Exchange Commission ("SEC") regarding the Audit Committee's review. Subsequently, the SEC initiated an informal inquiry. On October 30, 2007, the Company issued a press release stating that the SEC had notified the Company that the investigation concerning NVIDIA's historical stock option granting practices had been terminated and that no enforcement action was recommended.

Following the August 10, 2006 announcement, several derivative lawsuits were filed in the Federal Court, the Delaware Court, and the Santa Clara Superior Court. The first of such actions was filed on September 29, 2006 in the Federal Court against certain current and former officers and directors of NVIDIA. Five subsequent derivative actions were filed in the Federal Court, and on January 25, 2007, those actions were consolidated under the caption *In re NVIDIA Corp. Derivative Litigation,* Northern District of California, Case No. C-06-06110-SBA. The Federal Action names as defendants Jen-Hsun Huang, Tench Coxe, James C. Gaither, Harvey C. Jones, Jr., William J. Miller, Mark L. Perry, A. Brooke Seawell, Curtis R. Priem, Mark L. Stevens, Mary Dotz, Marvin D. Burkett, Chris A. Malachowsky, David M. Shannon, Daniel F. Vivoli, Jeffrey D. Fisher, Steven Chu, Di Ma, Christine B. Hoberg, and nominal defendant NVIDIA.

Plaintiffs in the Federal Action allege that defendants engaged in a scheme to "backdate" stock options, which caused NVIDIA to file false and misleading disclosures with the Securities and Exchange Commission ("SEC"), and which ultimately harmed NVIDIA. Specifically, the consolidated complaint alleges breaches of fiduciary duties, unjust enrichment, insider selling, abuse of control, gross mismanagement, waste, rescission, accounting, constructive trust, constructive fraud, violations of Sections 10(b) and 14(a) of the Securities Exchange Act of 1934, and violations of Section 304 of the Sarbanes-Oxley Act of 2002 relating to NVIDIA's historical option granting processes.

On October 20, 2006, two substantially similar derivative actions were filed in Santa Clara Superior Court alleging similar claims against similar defendants as the Federal Action. Thereafter, those cases were consolidated under the caption *In re NVIDIA Corporation Derivative Litigation,* Santa Clara Superior Court, Case No. 1:06-CV-073475, and on April 23, 2007 a consolidated complaint was filed alleging breaches of fiduciary duties, unjust enrichment, insider selling, abuse of control, gross mismanagement, corporate waste, accounting, rescission, and constructive trust in connection with NVIDIA's option granting process and accounting for options.

On October 25, 2006, a derivative action styled *Fleischman v. Huang et al.,* Delaware Court of Chancery, Case No. 2497-CC was filed in the Delaware Court. Subsequently, the Police and Fire Retirement System for the City of Detroit intervened in the action, and on February 12, 2008, plaintiffs filed an amended derivative complaint. The amended complaint named as defendants Jen-Hsun Huang, Tench Coxe, James C. Gaither, Harvey C. Jones, Jr., William J. Miller, A. Brooke Seawell, Curtis R. Priem, Mark L. Stevens, Mary Dotz, Chris A. Malachowsky, Jeffrey D. Fisher, and Di Ma. The Delaware Action includes claims for breaches of fiduciary duties, unjust enrichment, and rescission relating to mispriced options.

On August 5, 2007, NVIDIA's Board of Directors formed a Special Litigation Committee ("SLC") to conduct an independent investigation of the claims asserted in the three Actions and to determine how NVIDIA should proceed with the litigation. The SLC was provided sole and exclusive authority regarding disposition of the claims asserted in the Actions.

Plaintiffs conducted an extensive investigation relating to the claims and events asserted in the Actions. Plaintiffs have analyzed the information gathered and researched the applicable law, and continue to believe the claims asserted are with merit. Notwithstanding this belief, Plaintiffs have considered the attendant risks and uncertainty of litigation, the inherent burdens, delays, and costs, the various defenses which could be asserted by defendants, and the potential difficulty proving liability at trial. Taking these considerations into account, Plaintiffs believe that the terms and conditions of the proposed Settlements are fair, reasonable, and adequate and in the best interests of NVIDIA and it shareholders.

The individual defendants similarly have conducted an investigation and researched the applicable law, and believe Plaintiffs' claims are without merit. The individual defendants have denied, and continue

to deny, having committed, aided or attempted to commit any violations of law, regulation, or duty, or otherwise having acted improperly. After careful consideration, however, the individuals have agreed to the proposed Settlements to eliminate the expense, burden, and risks associated with further litigation. In addition, Defendant Huang, as Chief Executive Officer of NVIDIA, concluded that it is in the best interest of NVIDIA and the shareholders for this litigation to be put behind the Company, and therefore, agreed to the terms and conditions as set forth in the Settlement Agreements. Further, Defendant Huang believes that the Settlements confer a substantial benefit on the Company. The SLC has determined in the exercise of its business judgment that the Settlements confer substantial benefits on the Company and are in the best interest of NVIDIA and its shareholders.

To date, no court has ruled on the merits of Plaintiffs' claims or defendants' defenses. This Notice does not, and is not intended to, imply how the courts would rule with respect to the claims asserted in the Actions.

## III. TERMS OF THE PROPOSED SETTLEMENTS

The principal terms and conditions of the proposed Settlements are set forth in the respective Settlement Agreements on file with Delaware Court and the Federal Court. The following description of the terms of the proposed Settlements is only a summary.

By entering into the Delaware Settlement and the California Settlement, NVIDIA is resolving all litigation relating to its historical option granting practices on a global basis. Accordingly, the consideration set forth below constitutes consideration for the global settlement of the Delaware Action, the Federal Action, and the Santa Clara Action (the "Global Settlement"), and is in exchange for the releases and dismissals described below.

NVIDIA, the SLC, and the Individual Settling Defendants (Jen-Hsun Huang, Tench Coxe, James C. Gaither, Harvey C. Jones, Jr., William J. Miller, Mark L. Perry, A. Brooke Seawell, Curtis R. Priem, Mark L. Stevens, Mary Dotz, Marvin D. Burkett, Chris A. Malachowsky, David M. Shannon, Daniel F. Vivoli, Jeffrey D. Fisher, Steven Chu, Di Ma, and Christine B. Hoberg) acknowledge that the Actions were a material factor in the decisions of the Individual Settling Defendants, NVIDIA, and the insurance carrier to undertake the cash payment, cancellation of options, re-pricing of options, and the 409A tender offer described in paragraphs 1(a)-(d) below. Additionally, NVIDIA and the SLC further acknowledge that these contributions, as part of the settlement of the Actions, confer a substantial benefit upon NVIDIA. Furthermore, NVIDIA and the SLC acknowledge that the Actions were a material factor in the adoption and/or implementation of the Corporate Governance Policies and Changes summarized in paragraph 2 below, and that such policies confer an additional substantial benefit upon NVIDIA.

1. Monetary Benefits

According to the terms of the Global Settlement, NVIDIA will receive:

(a) a cash payment of $8,000,000 from NVIDIA's D&O insurance carrier;

(b) $3,500,000 in value from defendant Huang's future re-pricing and/or cancellation of unexercised options;

(c) $456,000 in value from defendant Huang's completed voluntary re-pricing of mispriced stock options; and

(d) $3,860,000 in value from the 409A tender offer which was undertaken in response to, among other things, the filing of the Actions, whereby NVIDIA employees were given the ability to limit the exercise period for their outstanding mispriced options to one year.

2. Corporate Governance Policies and Changes

Plaintiffs, the SLC, and NVIDIA have conducted extensive, arm's-length negotiations regarding various corporate governance issues, including Board structure and practices, director independence, director

compensation and stock ownership, director education, appointing of and the associated duties of the Lead Independent Director, shareholder consultation, executive compensation practices, insider trading controls, stock option plans, and option granting practices. As additional consideration for the Global Settlement, the Board has agreed to adopt resolutions and/or amend committee charters or the Corporate Governance Policies of the Board as necessary to ensure adherence to the Corporate Governance Policies and Changes set forth in Exhibit A to the Settlement Agreements. NVIDIA has agreed to maintain both the new and the several existing Corporate Governance Policies and Changes set forth in Exhibit A for a minimum of three years or the end of NVIDIA's fiscal year 2012, whichever is later.

## IV.  WHAT CLAIMS THE SETTLEMENTS WILL RELEASE

***If the Delaware and Federal Courts approve the respective Settlements, the following releases will occur:***

Upon the Effective Date (as defined below) of the Global Settlement, Plaintiffs, on their own behalf individually and derivatively on behalf of NVIDIA, and NVIDIA shall fully, finally, and forever release, relinquish, and discharge the Released Claims (as defined below), including, without limitation: (a) all Released Claims against all defendants in the Actions, the Related Persons, and NVIDIA, and (b) any and all claims, including unknown claims, arising out of, relating to, or in connection with the settlement and/or resolution of the Actions against all defendants in the Actions, the Related Persons (as defined below), and NVIDIA (except for claims to enforce the respective Settlements).

Upon the Effective Date (as defined below) of the Global Settlement, each of the Individual Settling Defendants and each and every Related Person shall have, and by operation of the Judgments in the Actions shall be deemed to have, fully, finally and forever released, relinquished and discharged each and every Plaintiff and Plaintiffs' respective counsel from all claims including unknown claims, arising out of, or relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Actions or the Released Claims (except for claims to enforce the respective Settlements).

"Released Claims" means all claims, debts, demands, rights, liabilities and causes of action, known or unknown, suspected or unsuspected, asserted or that could have been asserted by NVIDIA, or by any of the Plaintiffs individually or on behalf of NVIDIA, against each and every Defendant in the Actions, against any Related Persons, or against NVIDIA, whether based on any state, federal, common, or any other type of law, rule and/or regulation that arises out of, is in connection with, relates to, or is based upon NVIDIA's historical stock option granting practices, whether in whole or in part, directly or indirectly, in any way, including but not limited to, the facts, transactions, events, occurrences, acts, disclosures, oral or written statements, representations, filings, publications, disseminations, accounting or compensation practices or procedures, granting or exercise of stock options, or omissions through and including the date of execution of the respective Settlement Agreements. Any federal claims arising under the Securities Exchange Act of 1934 are not released as part of Delaware Settlement. Notwithstanding the foregoing, Released Claims does not include claims regarding NVIDIA's statutory or contractual obligations to provide indemnification or advancements, or claims for recovery under any applicable insurance policy.

"Related Persons" means: (1) members of the immediate family of each of the Individual Settling Defendants; (2) each of the Individual Settling Defendants' heirs, executors, estates, or administrators, any entity in which an Individual Settling Defendant and/or any member(s) of his or her immediate family has or had a controlling interest, or any trust of which any individual settling Defendant is or was the settlor or which is or was for the benefit of any individual settling Defendant and/or member(s) of his or her immediate family; (3) each of the Individual Settling Defendants' present and former attorneys, legal representatives, and assigns in connection with the Actions; and (4) all past and present directors, officers, agents, advisors, accountants, auditors, employees, affiliates, predecessors, successors, parents, subsidiaries, divisions, assigns, and attorneys for NVIDIA and their counsel.

The "Effective Date" shall be the date when all the following have occurred:

    a.   The Delaware Court has entered a Judgment granting final approval to the Delaware Settlement and dismissing the Delaware Action with prejudice, and such Judgment has become Final and not subject to appeal pursuant to the terms of the Delaware Settlement Agreement;

    b.   The Federal Court has entered a Judgment granting final approval to the California Settlement and dismissing the Federal Action with prejudice, and such Judgment has become Final and not subject to appeal pursuant to the terms of the California Settlement Agreement; and

    c.   Dismissal of the Santa Clara Action with prejudice.

## V.  PLAINTIFFS' COUNSEL'S ATTORNEYS' FEES

Delaware Plaintiffs' Counsel will seek approval of their application for attorneys' fees at the Delaware Settlement Hearing, with the approved fees to be paid by NVIDIA. NVIDIA has agreed not to oppose any application by Delaware Plaintiffs' Counsel for $2,755,000 in attorneys' fees and expenses.

Similarly, NVIDIA has agreed to pay the Federal Plaintiffs' Counsel $2,465,000, and the Santa Clara Plaintiffs' Counsel $2,030,000 for attorneys' fees and expenses, subject to Court approval.

These attorneys' fees constitute full and complete compensation for the services provided by Plaintiffs' counsel in the Delaware, Santa Clara, and Federal Actions.

To date, Plaintiffs' counsel have not received any payment of fees for their services in prosecuting these Actions, nor have they been reimbursed for their out-of-pocket expenses. The award of attorneys' fees and expenses would compensate Plaintiffs' counsel for their efforts in achieving the benefits described in this Notice, and for the risks they undertook to represent the Plaintiffs on a fully-contingent basis.

## VI.  RIGHT TO BE HEARD AT SETTLEMENT HEARINGS

### Delaware Settlement Hearing

The Delaware Settlement Hearing will occur in the Delaware Court before the Honorable William B. Chandler III of the Delaware Court of Chancery, on March 11, 2009, at 2:30 p.m., at the Court of Chancery Courthouse, 34 The Circle, Georgetown, DE 19947. At the Delaware Settlement Hearing, the Delaware Court will consider whether to grant final approval to the Delaware Settlement and Delaware Plaintiffs' Counsel's application for an award of attorneys' fees and expenses. The Delaware Court may adjourn the Delaware Settlement Hearing by oral announcement at such hearing or at any time without notice of any kind. The Delaware Court may approve the Delaware Settlement with or without modifications, enter a Judgment, and order the payment of attorneys' fees and expenses without further notice of any kind.

**CURRENT NVIDIA SHAREHOLDERS WHO HAVE NO OBJECTION TO THE PROPOSED SETTLEMENT NEED NOT TAKE ANY FURTHER ACTION.** If you are a current NVIDIA shareholder, you have the right to object to any aspect of the Delaware Settlement and may, but are not required to, appear in person or through counsel at the Delaware Settlement Hearing to object to the terms of the proposed Delaware Settlement or Delaware Plaintiffs' Counsel's application for an award of attorneys' fees and expenses, or otherwise present evidence or arguments that may be proper and relevant. **IF YOU CHOOSE TO OBJECT, YOU MUST FOLLOW THE FOLLOWING PROCEDURES** or you shall not be heard, and no papers, briefs, or other documents by you shall be received and considered by the Delaware Court. No later than ten (10) business days prior to the Delaware Settlement Hearing, you must file with the Register in Chancery the following:

    (a)  a written notice of objection with your name, address and telephone number, along with a representation as to whether you intend to appear at the Delaware Settlement Hearing;

    (b)  competent evidence that you currently own shares of NVIDIA Corporation stock;

(c)  a statement of your objections to any matters before the Delaware Court, the grounds therefore or the reasons for your desiring to appear and be heard, as well as all documents or writings you desire the Delaware Court to consider; and

(d)  the identities of any witnesses you plan on calling at the Delaware Settlement Hearing, along with a summary of their likely testimony.

The Register in Chancery's address is:

Register in Chancery
Court of Chancery Courthouse
34 The Circle
Georgetown, DE 19947

In addition, on or before the date of such filing, **you must also serve the same documents via first class mail or overnight delivery upon all of the following counsel of record:**

| | |
|---|---|
| Seth D. Rigrodsky, Esq. | J. Travis Laster, Esq. |
| Rigrodsky & Long P.A. | Abrams & Laster LLP |
| 919 North Market Street, Suite 980 | 20 Montchanin Road, Suite 200 |
| Wilmington, DE 19801 | Wilmington, DE 19807 |
| | |
| Salvatore J. Graziano, Esq. | James N. Kramer, Esq. |
| Bernstein Litowitz Berger & Grossmann LLP | Orrick, Herrington & Sutcliffe LLP |
| 1285 Avenue of the Americas | 405 Howard Street |
| New York, NY 10019 | San Francisco, CA 94105 |
| **Delaware Plaintiffs' Counsel** | **Counsel for NVIDIA** |

If you follow the above procedures, even if you do not appear at the Delaware Settlement Hearing, the Delaware Court will consider your written submission. Unless the Delaware Court otherwise directs, you shall not be entitled to object to the approval of the Delaware Settlement, to any Order or Judgment entered thereon, to the Delaware Plaintiffs' Counsel's application for an award of attorneys' fee and expenses, or to otherwise be heard, except by serving and filing a written objection and supporting papers and documents as prescribed above. **If you fail to object in the manner and within the time prescribed above you shall be deemed to have waived your right to object (including the right to appeal) and shall forever be barred from raising such objection(s) in this or any other action or proceeding.**

## California Settlement Hearing

The California Settlement Hearing will occur in the Federal Court before the Honorable Saundra Brown Armstrong of the U.S. District Court for the Northern District of California, on March 17, 2009, at 1:00 p.m., at the U.S. District Courthouse, 1301 Clay Street, Courtroom 3, 3rd Floor, Oakland, CA 94612. At the California Settlement Hearing, the Federal Court will consider whether to grant final approval of the California Settlement, including the attorneys' fees and expenses negotiated between the parties. The Federal Court may adjourn the California Settlement Hearing by oral announcement at such hearing or at any time without notice of any kind. The Federal Court may approve the California Settlement with or without modifications, enter a Judgment, and order the payment of attorneys' fees and expenses without further notice of any kind.

**CURRENT NVIDIA SHAREHOLDERS WHO HAVE NO OBJECTION TO THE PROPOSED SETTLEMENT NEED NOT TAKE ANY FURTHER ACTION.** If you are a current NVIDIA shareholder, you have the right to object to any aspect of the California Settlement and may, but are not required to, appear in person or through counsel at the California Settlement Hearing to object to any of the terms of the proposed

California Settlement. **IF YOU CHOOSE TO OBJECT, YOU MUST FOLLOW THE FOLLOWING PROCE-DURES** or you shall not be heard, and no papers, briefs, or other documents by you shall be received and considered by the Federal Court. No later than ten (10) business days prior to the California Settlement Hearing, you must file with the Clerk of the Court the following:

(a)  a written notice of objection with your name, address and telephone number, along with a representation as to whether you intend to appear at the California Settlement Hearing;

(b)  competent evidence that you currently own shares of NVIDIA Corporation stock;

(c)  a statement of your objections to any matters before the Federal Court, the grounds therefore or the reasons for your desiring to appear and be heard, as well as all documents or writings you desire the Federal Court to consider; and

(d)  the identities of any witnesses you plan on calling at the California Settlement Hearing, along with a summary of their likely testimony.

The Clerk of the Court's address is:

Clerk of the Court
U.S. District Courthouse
1301 Clay Street, Suite 400 S
Oakland, CA 94612

In addition, on or before the date of such filing, **you must also serve the same documents via first class mail or overnight delivery upon all of the following counsel of record:**

Stephen R. Basser, Esq.
Barrack, Rodos & Bacine
600 West Broadway, Suite 900
San Diego, CA 92101

**Lead Counsel for Federal Plaintiffs**

James N. Kramer, Esq.
Orrick, Herrington & Sutcliffe LLP
405 Howard Street
San Francisco, CA 94105

**Counsel for NVIDIA**

Marc M. Umeda
Robbins Umeda & Fink
601 West Ash Street, Suite 1800
San Diego, CA 92101

**Lead Counsel for Santa Clara Plaintiffs**

If you follow the above procedures, even if you do not appear at the California Settlement Hearing, the Federal Court will consider your written submission. Unless the Federal Court otherwise directs, you shall not be entitled to object to the approval of the California Settlement, or to any Order or Judgment entered thereon, or to otherwise be heard, except by serving and filing a written objection and supporting papers and documents as prescribed above. **If you fail to object in the manner and within the time prescribed above you shall be deemed to have waived your right to object (including the right to appeal) and shall forever be barred from raising such objection(s) in this or any other action or proceeding.**

## VII. FURTHER INFORMATION

This Notice contains only a summary of the Actions and the terms of the Settlements. For additional details regarding the Actions or Settlements, you may inspect the case files, including the pleadings, the

Settlement Agreements, and other papers and documents filed with the respective courts by appearing in person, during regular business hours, at the Chancery Courthouse, 34 The Circle, Georgetown, DE 19947 for the Delaware Action, or at the U.S. District Courthouse, 1301 Clay Street, Suite 400 S, Oakland, CA 94612 for the Federal Action. Any other inquiries should be addressed in the first instance as follows:

### Inquires regarding the Delaware Action

Salvatore J. Graziano, Esq.
Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY 10019

### Inquiries regarding the California Actions

Stephen R. Basser, Esq.
Barrack, Rodos & Bacine
600 West Broadway, Suite 900
San Diego, CA 92101

Marc M. Umeda
Robbins Umeda & Fink
601 West Ash Street, Suite 1800
San Diego, CA 92101

### PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE.

## VIII.  NOTICE TO BANKS, BROKERS AND OTHER NOMINEES

Any banks, brokerage firms, institutions, and other persons who are nominees who hold common stock of NVIDIA Corporation for the beneficial interest of other persons, within ten (10) days of receipt of this Notice, shall either (a) provide the Notice Administrator with the names and addresses of such beneficial holders, or (b) forward a copy of this Notice to each such beneficial holder and provide the Notice Administrator with written confirmation that the Notice has been so forwarded. Additional copies of the Notice may be obtained from the Notice Administrator for forwarding to such beneficial owners. All such correspondence should be addressed as follows:

NVIDIA Corp. Derivative Litigation
c/o Heffler, Radetich & Saitta LLP
Notice Administrator
1515 Market St., Suite 1700
Philadelphia, PA 19102-1964

DATED: January 24, 2009                           BY ORDER OF THE DELAWARE COURT
                                                  OF CHANCERY AND THE DISTRICT
                                                  COURT FOR THE NORTHERN DISTRICT
                                                  OF CALIFORNIA

THIS PAGE INTENTIONALLY LEFT BLANK

THIS PAGE INTENTIONALLY LEFT BLANK

NVIDIA Corp. Derivative Litigation
c/o Heffler, Radetich & Saitta LLP
Notice Administrator
1515 Market St., Suite 1700
Philadelphia, PA 19102-1964

**PLEASE FORWARD**

FIRST-CLASS MAIL
U.S. POSTAGE
PAID
PEARL PRESSMAN LIBERTY
COMMUNICATIONS GROUP

# FIRST CLASS MAIL

**PLEASE FORWARD—IMPORTANT LEGAL NOTICE**